### DONATO v. PARKER PEN CO.
#### Civ. No. 21-532.

District Court, S. D. New York.
July 23, 1945.

Howson & Howson, of New York City (William A. Gray, of Philadelphia, Pa., of counsel), for plaintiff.

Davis, Polk, Wardwell, Sunderland & Kiendl, of New York City (Theodore Kiendl, William R. Meagher, and William H. Timbers, all of New York City, of counsel), for defendant.

GALSTON, District Judge.

The motion to set aside the verdict and for a new trial presents no matters that were not urged either during the trial or after the court's charge. The court is of the same mind now as then. Accordingly the motion is in all respects denied. I must emphasize, however, that the pain-

staking and meticulous summation of defendant's counsel was at all times addressed to the sound judgment of the jury and was not in any degree whatsoever either in content or manner of argument addressed to the emotions of the jury. No unfair comment was made or sought to be made by counsel.

In respect to the plaintiff's motion to costs and defendant's counter-motion, the determination thereof is governed by Federal Rules of Civil Procedure, rules 50(b), and 80(a), 28 U.S.C.A. following section 723c, and the discretion of the court within the limitations of those rules. The exercise of the latter factor makes necessary the consideration of the nature of the case. The complaint greatly concerned the defendant not only because the plaintiff sought a recovery of $3,500,000, but also because it involved the fair name of the defendant, a corporation having a long established reputation. The defense in consequence in the best judgment of counsel required a thorough pre-trial preparation. The depositions taken were in the fair range of the issues. No objection was raised by the plaintiff in receiving notice of the taking thereof. The examination of the plaintiff before trial aided counsel in cross-examination by frequent reference to his deposition. That the depositions were not offered in evidence is no reason for disallowing costs in respect thereto. Also there was no undue expense in the preparation of the models produced. The motion of the plaintiff is denied. The long trial also required the attendance throughout the trial of key witnesses. The allowance by the clerk of mileage, attendance and subsistence fees was proper.

As to the counter-motion of the defendant: When the court ascertained that the defendant had ordered daily transcripts to be taken of the minutes, the court itself ordered the official stenographer to supply it with the original of the minutes transcribed for use during what gave every indication of being, and proved to be, a long trial. The counter-motion of the defendant is granted.

Settle orders on notice.