Anthony H. MANLEY, Plaintiff,

v.

CANTERBURY CORPORATION, Defendant.

Civ. A. No. 1350.

United States District Court, D. Delaware.

Feb. 10, 1955.

Stewart Lynch and Alfred Fraczkowski (of Hastings, Lynch & Taylor), Wilmington, Del., for plaintiff.

Aaron Finger (of Richards, Layton & Finger), Wilmington, Del., and Richard J. Cronan, Paris, France, for defendant.

RODNEY, District Judge.

This is an application under Rule 54 (d), Fed.Rules Civ.Proc. 28 U.S.C., for the taxation of costs. For the convenience of counsel and due to unusual circumstances, the matter is not considered on review of any finding of the Clerk but by the Court in the first instance.

At the trial of this case a judgment was entered in favor of the plaintiff. The plaintiff has asked that certain items, some eighteen in number, be taxed as costs. As to many of these such as Court costs, cost in connection with documents introduced in evidence at the trial, and translation of an exhibit introduced at the trial, no objection is made and they will not be here considered.

The following items as indicated by numbers assigned by the parties are objected to and fall in three categories.

A.  Cost of Transcripts of Trial and Argument.
    No. 5. Cost of transcript of trial.    $314.48
    No. 6. Cost of transcript of oral argument.    48.82
B.  Stenographic Cost of Depositions.
    No. 14. Cost of deposition at Newark, N. J.    84.25
    No. 15. Cost of deposition at New York City.    15.00
C.  Travel Expenses of Plaintiff's Attorney in Connection with Depositions.
    No. 16. Travel and incidental expenses of plaintiff's Delaware attorney for deposition of plaintiff noticed and taken by defendant at Paris, France.    894.20
    No. 17. Travel and incidental expenses of plaintiff's Delaware attorney for deposition of defendant and examination of books, noticed by plaintiff to be taken in Paris, France but which examination was refused.    897.00
    No. 18. Travel expenses of plaintiff's attorney in connection with depositions mentioned in Nos. 14 and 15, (supra).    39.54

These items or categories will be considered in their order.

■ A. Cost of Transcripts.

By 28 U.S.C. § 1920(2) it is expressly provided that "Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case" may be taxed. The stated amounts have been broken down and are shown to include certain portions for a copy of the transcript for the use of the Court and a larger part for the use of the plaintiff's attorney. No objection is made to the portion of expense assignable to the copy for the use of the Court. I am of the opinion that the entire amount as prayed for should be allowed. The Court required counsel to submit requested Findings of Fact and Conclusions of Law. The case was long and complicated. The required Findings and Conclusions could not have been adequately presented without reference to the transcript. The transcript was clearly "necessarily obtained for use in the case" as provided in the Statute. Costs falling within this category have been allowed in Weiss v. Smith, D.C., 103 F. Supp. 736; Consolidated Fisheries Co. v. Fairbanks, Morse & Co., D.C., 106 F.Supp. 714; Donato v. Parker Pen Co., D.C., 7 F.R.D. 148; Brookside Theatre Corp. v. Twentieth Century-Fox F. Co., D.C., 11 F.R.D. 259, 266.

Items 5 and 6 should be allowed.

B. Stenographic Cost of Depositions.

■ Distinction is clearly drawn in the authorities between stenographic cost of depositions used for discovery purposes merely, on the one hand, and such cost where incurred for use at the trial, on the other. In the former case and where the deposition is not subsequently used at the trial, the stenographic cost of the deposition is generally, but not always, disallowed in the costs of the case. Burnham Chemical Co. v. Borax Consolidated, D.C., 7 F.R.D. 341; Hansen v. Bradley, D.C., 114 F.Supp. 382.

■ Where, however, as in this case, the depositions were not for discovery purposes but were introduced as evidence in the case in some material aspect, there seems no reason why the cost of such evidence may not be allowed. See generally 6 Moore's Federal Practice 54.77, page 1361.

C. Attorney's Travel Expenses in Deposition Proceedings.

The items in this category must be given separate treatment for they differ somewhat in nature.

No. 16. The 1951 deposition under this item was noticed by the defendant and the testimony to be taken was that of the plaintiff. The plaintiff was, himself, a lawyer seeking recovery of his fees. The plaintiff was a resident of Paris. Clearly, the defendant could take the deposition of the plaintiff. If such deposition had been noticed to be taken in Delaware where the suit was brought, it might have been considered as harassment because the plaintiff, the defendant and the defendant's lawyer were all in Paris. While the time of notice of the deposition was short there is little doubt that a later time could have been required so as to obtain local counsel [1] and the plaintiff himself was a lawyer. It will be noted that there was no proceeding under Rule 30(b) whereby as a preliminary matter the merits of the taking of a deposition or the circumstances under which they would be taken, can be considered. Even under such circumstances the attorney's expenses have been refused. Weeks v. Baltimore & O. R. Co., D.C.E.D.Pa.1945, 5 F.R.D. 17. Under peculiar and very appealing circumstances, attorney's expenses have been allowed. Gibson v. International Freighting Corp., D.C.E.D.Pa.1947, 8 F.R.D. 487.

■■ Under ordinary circumstances and in the absence of any rule or statute, custom or usage, and in an action at law, the travel expenses of an attorney incurred in taking depositions for discovery purposes will not be allowed as costs to the prevailing party.[2]

No. 17. The allowance of the travel expenses of the attorney in the taking of this deposition is subject to the objections heretofore considered. In addition, it was deposition noticed by the plaintiff and to take the testimony of the defendant and others. The time of taking the deposition and the consequent ability to enlist other counsel in France was at the option of the plaintiff. The taking of the deposition seems to have failed because the defendant refused to produce its books in the absence of an order for production, which had not been obtained. I cannot say that the counsel for the plaintiff had not reason to believe the books would be produced in response to the notice as the plaintiff had produced his books upon similar notice. The fact remains, however, that no statute, rule, custom or usage is brought to my attention that would justify, over objection, the allowance of such travel expenses of an attorney of a party.

1. The William Branfoot, D.C., 52 F. 390, 395.

2. 10 Cyclopedia of Fed. Procedure (3rd Ed.) Sec. 38.27; Hope Basket Co. v. Product Advancement Corp., 104 F.Supp. 444; 6 Moore's Fed.Prac. 1362; The William Branfoot, D.C., 52 F. 390, 395; Michigan Aluminum Foundry Co. v. Aluminum Co. of America, C.C., 190 F. 903, 905; Standard Brands, Inc., v. National Grain Yeast Corp., D.C., 36 F.Supp. 60, 62.

I have not considered any additional objection that the taking of the deposition was not the sole reason for the travel expenses of counsel.

■ No. 18. The travel expenses of counsel for the plaintiff in taking the depositions noticed by him and taken at Newark, N. J. and New York City are subject to the objections heretofore considered and cannot be allowed.

The amounts as indicated should be allowed as costs.

As indicated Nos. 5, 6, 14 and 15 will be allowed and Nos. 16, 17 and 18 will be disallowed.