**Rudolph J. VORBURGER, Plaintiff,**

v.

**CENTRAL OF GEORGIA RAILWAY COMPANY and the Western Railway of Alabama, Defendants.**

**Civ. A. No. 780–E.**

United States District Court
M. D. Alabama, E. D.
July 15, 1969.

Cooper, Mitch & Crawford, Birmingham, Ala., for plaintiff.

Sadler, Sadler, Sullivan & Sharp, Birmingham, Ala., for defendant Central of Georgia Ry. Co.

Steiner, Crum & Baker, Montgomery, Ala., for defendant Western Ry. of Alabama.

## ORDER ON OBJECTIONS TO BILL OF COSTS

PITTMAN, District Judge.

Upon consideration of plaintiff's objections to defendant's bill of costs, filed May 5, 1969, and briefs filed by the parties, it is

Ordered, adjudged, and decreed that:

(1) Plaintiff's first objection is denied. It appears the four witnesses were not called only because the plaintiff admitted certain facts on cross-examination. In such a situation, the witness fees are allowable as costs. Federal Intermediate Credit Bank of Columbia v. Mitchell, 4 Cir., 38 F.2d 824; Spiritwood Grain Co. v. Northern Pacific Ry. Co., 179 F.2d 338 (8th Cir., 1950).

The court reduces the amounts claimed in the following manner.

(1) Mr. Otto Urbon's attendance fees are restricted to three days. This case was originally set for trial on Thursday, April 17, 1969. The attorney for the defendant was notified that the case would be passed and to put Mr. Urbon, an employee of defendant who lived in Chicago, Illinois, on 24-hour call. On Friday, April 18, 1969, the attorney for defendant was notified by the court that the case would go to trial on Monday, April 21. The case began on Monday and witnesses were released at 11:30 a.m. Tuesday. It was necessary for Mr. Urbon to leave Chicago on Sunday, April 20. The attorney for the defendant has informed the court Mr. Urbon had available plane connections to Chicago on Tuesday afternoon.

Mr. Urbon's subsistence fees are restricted to three days for the same reasons.

Mr. Urbon's mileage fees are restricted to 100 miles travel to and from court, or a total of 200 miles. In a civil action, the territorial limit of a subpoena for one who lives outside the district is, in general, 100 miles from the place the trial is to be held. Hence, it is the general rule that mileage fees under 28 U.S.C. § 1821 are geared to the effective limits of the subpoena. Vincennes Steel Co. v. Miller, 94 F.2d 347 (5th Cir., 1938); 6 Moore's Federal Practice, § 54.77[5]. The court is not unmindful that the Supreme Court, in Farmer v. Arbian Oil Co., 379 U.S. 227, 85 S.Ct. 411, 13 L.Ed.2d 248 (1964), declined to hold that the power of the district court to tax witnesses' travel expenses as costs under all circumstances is limited to the district or 100 miles from the court house. The Court observed the 100 mile rule is a necessary and proper consideration in the exercise of the district court's discretion.

It is the practice of this court to so limit travel expenses and there do not appear to be such exceptional circumstances here to warrant a departure from this practice.

(b) Mr. Joe S. Gaston's attendance fees are restricted to one day. By defendant's own admission, this witness was necessary only up to the point of certain admissions made by the plaintiff on cross-examination. The plaintiff testified on the first day of the trial. Therefore, there does not appear to be any valid reason for allowing him a second day's attendance fee.

Accordingly, Mr. Gaston's mileage fees are restricted to one day's travel, or 130 miles.

(2) Plaintiff's second objection is denied except as qualified in (1) (a) and (b) above.

(3) Plaintiff's third objection is denied.

(4) Plaintiff's fourth objection is granted by agreement.

(5) Plaintiff's fifth objection is denied except as qualified in (1) (a) and (b) above.

(6) Plaintiff's sixth objection is denied except as qualified by (1) (a) and (b) above.

(7) Plaintiff's seventh objection is denied except for the copies of the depositions of Dr. John T. Croft and Dr. James A. Elkins, costing $51.70, for which the objection is sustained. Generally, the cost of copies of depositions are not taxable as costs. 6 Moore's Federal Practice, § 54.77[4], and cases cited therein.