**CHEMICAL BANK, successor in interest by purchase of assets and assumption of liabilities of Security National Bank pursuant to a Purchase Agreement dated January 19, 1975 between Chemical Bank and Security National Bank, Plaintiff,**

v.

**Morton Richard KIMMEL et al., Defendants.**

**Civ. A. No. 3988.**

United States District Court, D. Delaware.

Sept. 29, 1975.

## MEMORANDUM AND ORDER RE COSTS

EDWIN D. STEEL, Jr., Senior District Judge:

Before the Court are defendant's Bill of Costs and Supplemental Bill of Costs, the Clerk having in large measure denied defendant's request for taxation. At issue are the expenses of defendant in connection with an expert witness, trial transcripts, depositions and travel.

Defendant prevailed in a jury trial which ran from June 3 through June 11, 1975. A proposed Bill of Costs was filed on June 24. On June 26 plaintiff filed motions for setting aside the verdict, vacating the judgment, declaring a mistrial, and granting a new trial. A Supplemental Bill of Costs was filed September 2, 1975, reflecting additional expenses incurred in opposing these post-trial motions. In a Memorandum and Order filed today this Court has denied plaintiff's post-trial motions.

As the prevailing party, defendant is entitled to certain costs pursuant to Rule 54(d) of the Fed.R.Civ.Pr. and 28 U.S.C. § 1920. *Farmer v. Arabian American Oil Co.,* 379 U.S. 227, 235, 85 S.Ct. 411, 416, 13 L.Ed.2d 248 (1964) holds that the District Court is to exercise discretion in assessing costs pursuant to Rule 54(d) but cautions that items proposed as costs by the prevailing party "should always be given careful scrutiny" and that "the discretion given district judges to tax costs should be sparingly exercised with reference to expenses not specifically allowed by statute." This is the standard by which the Court will consider the various items of costs for which defendant requests taxation.

*Expert Witness Fees*

Defendant requests taxation for the fees of her expert witness, Hilding L. Dahlgren. Although compensation beyond per diem witness fees, mileage

Joseph A. Rosenthal, of Morris & Rosenthal, Wilmington, Del., for plaintiff; and Ralph L. Ellis, and John J. Grimes, of Shea, Gould, Climenko, Kramer & Casey, New York City, of counsel.

Morton Richard Kimmel and Richard Allen Paul, Wilmington, Del., pro se, for Administrators c. t. a. of the estate of Josiah M. Scott, deceased.

Rodman Ward, Jr. and Jan S. Black of Prickett, Ward, Burt & Sanders, Wilmington, Del., for Bettina L. Jenney.

and subsistence is not ordinarily paid to expert witnesses, under Rule 54(d),[1] in diversity cases this Court in its discretion has chosen to follow the state rule embodied in 10 Del.C. § 8906 which provides that expert witness fees are taxable as costs. *Henlopen Hotel Corp. v. Aetna Ins. Co.*, 38 F.R.D. 155 (D.Del. 1965).

Plaintiff cites *Maryland Casualty Co. v. Hanby*, 301 A.2d 289 (S.Ct.Del.1973) and *Henlopen, supra,* for the proposition that expert witness fees are only taxed where insurers have engaged in wilful and obstructive tactics by refusing to pay claimed losses. As defendant correctly notes, however, these two cases deal with the award of *attorneys'* fees pursuant to Title 18 of the Delaware Code entitled "Insurance". The portion of the *Henlopen* opinion relating to fees for *expert witnesses* refers to section 8906 of Title 10 of the Delaware Code, entitled "Courts and Judicial Procedure". Nothing in the statute or opinions limits assessment of expert witnesses fees in the manner suggested by plaintiff.

The fee for the expert witness, Mr. Dahlgren, is supported by an itemized bill attached as Exhibit H to the affidavit of Rodman Ward, Jr. and does not appear to be excessive. Costs in the amount of $2,139.26 are assessed against plaintiff as a reasonable fee for Mr. Dahlgren's consultation and testimony.

*Trial Transcripts*

Both in her Bill of Costs and Supplemental Bill of Costs defendant requests taxation for the fees of the court reporter for portions of the transcript obtained by defendant at her own expense. In some cases defendant paid only for a copy, but in others defendant also bore the expense of the original transcript produced for the Court.[2]

Authority to tax for the cost of transcripts derives from 28 U.S.C. § 1920 which states that a "judge or clerk of any court of the United States may tax as costs the following . . . (2) Fees of the court reporter for all or any part of the stenographic transcript *necessarily obtained for use in the case*" (emphasis supplied by the Court). Some courts have interpreted this statute as only allowing taxation for the cost of an original transcript procured by the court at the expense of the parties. *Stallo v. Wagner*, 245 F. 636, 641–2 (2d Cir. 1917) (interpreting an earlier statute); *Firtag v. Gendleman*, 152 F.Supp. 226 (D. D.C.1957); *Kenyon v. Automatic Instrument Co.*, 10 F.R.D. 248, 254 (W.D.Mich. 1950); *Department of Highways v. Mc-Williams Dredging Co.*, 10 F.R.D. 107, 109 (W.D.La.1950), *aff'd* 187 F.2d 61 (5th Cir. 1951). Other authorities, however, recognize that a court has discretion under 28 U.S.C. § 1920(2) to allow taxation of the cost of a copy of the transcript obtained by a party whenever it was reasonably necessary for use in the case "rather than a mere luxury or convenience." 6 Moore's Federal Practice ¶ 54.77[7]; *Perlman v. Feldmann*, 116 F. Supp. 102, 106–9 (D.Conn.1953), *rev'd on other grounds*, 219 F.2d 173 (2d Cir.), *cert. denied* 349 U.S. 952, 75 S.Ct. 880, 99 L.Ed. 1277 (1954); *Consolidated Fisheries Co. v. Fairbanks, Morse & Co.*, 106 F.Supp. 714 (E.D.Pa.1952); *Stein v. Rosenthal*, 103 F.Supp. 227 (S.D.Cal. 1952); *Brookside Theater Co. v. Twentieth Century Fox Film Corp.*, 11 F.R.D. 259, 266 (W.D.Mo.1951).

1. 6 Moore's Federal Practice ¶ 54.77[5.–3], and cases therein cited.

2. It is the general practice that no transcription is made of the court reporter's stenographic notes unless one of the parties or, in rare cases, the Court specifically so requests. Where the Court so orders, it will usually also order that the expense is to be taxed to the losing party. Additional copies may be obtained by the parties at cost from the reporter. Where the Court has not ordered a transcript and one of the parties obtains a copy of the transcript (or a portion thereof) from the court reporter, that party also bears the expense of an original copy which is simultaneously produced for the Court.

This Court will follow these latter authorities as expressing the more satisfactory rule to follow in the instant case. And where the Court finds that a copy of the transcript was necessary for use in the case, costs will be assessed for both the copy obtained by the prevailing party and the original provided to the Court if the prevailing party bore that expense.

In her Bill of Costs defendant requested assessment for the cost of transcripts of the cross-examination of Hilding Dahlgren by plaintiff and of J. B. Agnew by defendant. Mr. Dahlgren was defendant's handwriting expert whose testimony was of critical importance. Plaintiff had his cross-examination transcribed for his use, and defendant paid for an additional copy for her own use. Mr. Agnew was one of plaintiff's principal witnesses on the issue of plaintiff's reliance. Defendant had her counsel's cross-examination of Mr. Agnew transcribed, bearing the expense of both the original for the Court and a copy for her counsel. Defendant claims that these transcripts were "necessary" in order to have these witnesses' exact words for the summation to the jury. I find otherwise. In *Prashker v. Beech Aircraft Corporation,* 24 F.R.D. 305, 310 (D.Del. 1959), Judge Rodney denied the prevailing party the cost of the transcript noting that its use in preparation of the charge to the jury was merely a matter of convenience, not necessity. In the instant case, Mr. Ward, the counsel for defendant, was accompanied by his associate, Mr. Black, who was available for the taking of notes at trial. While such notes may lack the precision of a transcript, they were in this case quite adequate for use in summation to the jury. Cost of the Dahlgren and Agnew transcripts is therefore disallowed.

In her Supplemental Bill of Costs defendant also requests assessment for transcriptions of various portions of the record which were procured for use in opposing certain of plaintiff's post-trial motions. Defendant bore only the cost of copies of these portions of the transcript, with the exception of the jury summation and closing argument of the opposing counsel, Mr. Ellis, for which she also supplied the Court originals. In *Manley v. Canterbury Corporation,* 17 F.R.D. 234, 235 (D.Del.1955), Judge Rodney allowed the cost of a transcript used in preparation of Findings of Fact and Conclusions of Law following a long and complicated trial without a jury, finding that:

"[t]he required Findings and Conclusions could not have been adequately presented without reference to the transcript."

In the instant case reference to the transcript was necessary in opposing plaintiff's post-trial motions which included allegations that counsel for defendant in his opening statement, during the trial and in his summation made remarks which were improper, inflammatory and prejudicial, and that he asked leading questions, misstated evidence and argued possibilities unsupported by the evidence. This is particularly so since nearly two months had elapsed between the conclusion of the trial on June 11 and the filing of plaintiff's brief on August 8. The cost of obtaining these portions of the transcript is allowed at the non-daily rate in an amount totaling $380.65.

*Depositions*

Defendant requests taxation for costs in connection with the depositions of Pearl Tytell, Hilding Dahlgren, Marie Cappadoro, J. B. Agnew and Virginia B. Melville. 28 U.S.C. § 1920(2) confers discretionary authority on a court to assess the cost of taking depositions in favor of the prevailing party. *United States v. Kolesar,* 313 F.2d 835 (5th Cir. 1963); *Electronic Specialty Co. v. International Controls Corp.,* 47 F.R.D. 159, 162 (S.D.N.Y.1969); *Perlman v. Feldmann,* 116 F.Supp. 102, 109 (D.Conn. 1953). And while the law is not settled,

Prof. Moore, supported by persuasive authority, takes the position that to be taxable a deposition need not be introduced at trial so long as it was taken for use at trial and not merely for purposes of discovery. 4 Moore's Federal Practice ¶ 26.82; 6 Moore's Federal Practice ¶ 54.77[4], p. 1724.

Defendant's deposition of plaintiff's expert witness, Pearl Tytell, was not introduced into evidence, but it was used in preparation of the direct testimony of Mr. Dahlgren, defendant's own expert, as well as in connection with the cross-examination of Ms. Tytell. Such use has been held sufficient to justify taxation for the cost of taking a deposition in favor of the prevailing party because its purpose goes beyond mere discovery. *United States v. Kolesar*, 313 F.2d 835, 840 (5th Cir. 1963); *Donato v. Parker Pen Co.*, 7 F.R.D. 148 (S.D.N.Y.1945).

But beyond the cost of *taking* Ms. Tytell's deposition, defendant also requests that plaintiff be taxed for the cost of a *copy* of the Tytell deposition which was retained by defendant. And defendant also requests taxation for a copy of plaintiff's deposition of Mr. Dahlgren. Both the Tytell and Dahlgren depositions were taken on May 13, 1975 and an original transcript of each was filed with the Court on June 2, the day before the trial was to begin.

A number of courts have taken the position that the cost of copies of depositions, as distinguished from the cost of the stenographer's services and an original transcription, are not taxable as costs where an original has been filed with the Court. *Prashker v. Beech Aircraft Corp.*, 24 F.R.D. 305, 307–8 (D.Del.1959); *Firtag v. Gendleman*, 152 F.Supp. 226 (D. D.C.1957); *Perlman v. Feldmann*, 116 F.Supp. 102, 110 (D.Conn.1953), *rev'd on other grounds*, 219 F.2d 173 (2d Cir.), *cert. denied*, 349 U.S. 952, 75 S.Ct. 880, 99 L.Ed. 1277 (1954); *Hope Basket Co. v. Product Advancement Corp.*, 104 F. Supp. 444 (W.D.Mich.1952). Underlying these decisions is the rationale that where an original is available for inspection in the Clerk's office, the acquisition of a copy is a matter of convenience, not necessity. This approach was subjected to persuasive criticism by the Fifth Circuit when it upheld a trial court's taxation of the costs of copies of depositions:

"To speak of a busy lawyer having to go to a Clerk's office at such times and places of work as the Clerk's regular office hours and facilities can afford for the purpose of making a close study of pretrial depositions is completely unrealistic. . . . And where, as we have briefly indicated, a copy may be needed before trial, the demand might even be more imperative on the trial itself. . . . Preparation means selection and that means mechanical aids such as checks, underscoring, marginal notes, and the like. Such liberties can hardly be permitted with the one and only original deposition in the official court files." *United States v. Kolesar*, 313 F.2d 835, 839–40 (5th Cir. 1963).

Especially in light of the importance of the testimony of these two witnesses, the technical complexity of the subject on which they were to testify, and the fact that the original transcripts of their depositions were not filed with the Court until the day before the commencement of the trial, I find that the copies of the Tytell and Dahlgren depositions were reasonably necessary for defendant's use at trial. Hence plaintiff will be assessed for both the original and the copy of the Tytell deposition, a total of $171.80, and the copy of the Dahlgren deposition at $61.60.

A different situation is presented by the request for copies of the depositions of Marie Cappadoro and J. B. Agnew. These two depositions were taken by United States Fidelity and Guaranty Corporation, a defendant which was dismissed prior to trial. The complete transcripts of both depositions were filed with the Court on January 21, 1974, a full

16 months before the trial. Defendant's acquisition of copies of the Agnew deposition in early 1973 and the Cappadoro deposition in late 1973 were primarily aimed at discovery rather than use at trial. With ample opportunity having been available to inspect the original transcripts, I find that acquisition of copies of these depositions was not reasonably necessary for use at trial. Consequently their costs will not be taxed against plaintiff.

The deposition of Virginia Melville was clearly "taken for use at trial", although it was not actually introduced into evidence. The deposition was taken on October 11, 1974, in West Palm Beach, Florida. At that time Ms. Melville was beyond the reach of process of the Court, and it was thought that she would be unavailable for trial. The deposition was thus taken as a substitute for her testimony. It was only after the trial had commenced that defendant's counsel was informed that Ms. Melville would be available to testify. In such a case the taxability of the deposition costs should depend on whether the deposition, *when taken,* was reasonably necessary for use at trial. *Hunter v. International Railway Imp. Co.,* 28 F. 842 (S.D.N.Y. 1886). See also *Prashker v. Beech Aircraft Corporation,* 24 F.R.D. 305, 308 (D.Del.1959); *Hope Basket Co. v. Product Advancement Corp.,* 104 F.Supp. 444 (W.D.Mich.1952). I find that the Melville deposition was reasonably taken for use at trial and assess costs in the amount of $118.80.

*Travel Expenses*

The Court has been requested to assess plaintiff for the travel and accommodation expenses incurred by counsel for defendant when taking the deposition of Virginia Melville in West Palm Beach, Florida. There is no statutory or other authority for the assessment of travel expenses beyond Rule 54(d) itself. Travel expenses of the attorney in connection with a deposition have been held to be not taxable as costs. 6 Moore's Federal Practice ¶ 54.77[4], p. 1725; *Kaiser Industries Corp. v. McClouth Steel Corp.,* 50 F.R.D. 5, 12 (E.D. Mich.1970); *Manley v. Canterbury Corp.,* 17 F.R.D. 234, 236 (D.Del.1955). Defendant is correct in noting that *Manley* only refers to the taking of a deposition "for discovery purposes". But defendant cites no cases in which travel expenses *were* allowed where a deposition was taken for use at trial rather than simply for discovery. And the case of *Hope Basket Co. v. Product Advancement Corp.,* 104 F.Supp. 444 (W.D.Mich. 1952) is fairly well in point. In that case depositions had been taken in Arkansas for use at trial in Michigan. Two of the depositions were not used because the facts were not contested at trial. The Court held that the cost of taking these depositions "appeared reasonably necessary at the time the depositions were taken" and allowed costs for the stenographic fees and the original transcript. But the Court nonetheless disallowed the claim for the attorney's railroad fare and hotel expenses, holding that these items were not properly taxable absent a showing of bad faith or unfairness on the part of the opposing party. No such showing has been made here. In view of the Supreme Court's statement in *Farmer, supra,* that the District Court's discretion to tax costs "should be sparingly exercised" in the absence of specific statutory authority, defendant's request for taxation of travel expenses is disallowed.

*Miscellaneous Fees*

The $1.00 subpoena filing fee and the $13.28 Marshal's fee in the Southern District of New York for filing and service of a subpoena on United States Fidelity and Guaranty Corporation were assessed against plaintiff by the Clerk and were not objected to. These items are included in the taxation of costs.

## ORDER

It is hereby ordered that the costs of the following items be allowed to defendant as the prevailing party under Rule 54(d):

| | |
|---|---|
| Fee of expert witness Hilding L. Dahlgren | 2,139.26 |
| Transcripts of portions of the testimony of Pearl Tytell, Virginia B. Melville, Bettina L. Jenney and opening statement and summation of Rodman Ward, Jr., Esquire | 311.40 |
| Transcript of summation of Ralph L. Ellis, Esquire | 51.25 |
| Transcript of the rebuttal summation of Ralph L. Ellis, Esquire | 18.00 |
| Original and copy of deposition of Pearl Tytell | 61.60 |
| Copy of deposition of Hilding L. Dahlgren | 171.80 |
| Transcript of deposition of Virginia Barry Melville | 118.80 |
| Subpoena filing fee, Southern District of New York | 1.00 |
| Marshal's service fee, Southern District of New York | 13.28 |
| | $2,886.39 |

Defendant's request for taxation of costs is disallowed as to the following items:

| | |
|---|---|
| Transcript of cross-examination of Hilding L. Dahlgren | 110.00 |
| Transcript of cross-examination of J. B. Agnew | 346.00 |
| Copy of deposition of J. B. Agnew | 359.62 |
| Copy of deposition of Cappadoro | 332.05 |
| Travel expenses in connection with deposition of Virginia B. Melville | 201.27 |
| | $1,348.94 |