Hans OETIKER, Plaintiff,

v.

JURID WERKE, GmbH, Defendant.

Civ. A. No. 74–1670.

United States District Court,
District of Columbia.

Oct. 26, 1982.

James F. McKeown, Paul M. Craig, Jr., Donald D. Evenson, Washington, D.C., for Hans Oetiker.

Simer Moskowitz, Martin Fleit, Harvey B. Jacobson, Jr., Washington, D.C., for Jurid Werke GmbH.

## MEMORANDUM OPINION

FLANNERY, District Judge.

This matter comes before the court on defendant's motion for retaxation of costs. Defendant, Jurid Werke GmbH ("Jurid") seeks review of the taxation of costs set by the Clerk on May 26, 1982 and retaxation of costs in accordance with defendant's original request.

This matter arises out of an unsuccessful complaint filed by plaintiff, Hans Oetiker ("Oetiker"), against defendant alleging fraudulent procurement of a patent in violation of section 2 of the Sherman Act, 15 U.S.C. § 2. On May 5, 1980, a trial began on the issue of patent fraud. The trial lasted six days. On March 17, 1981 this court found that defendant had not violated anti-trust laws in filing for a United States patent and also found that defendant shall recover from plaintiff for its costs in this action, with such costs to be established by the Clerk. Following an unsuccessful appeal by plaintiff, 671 F.2d 596, defendant filed a Requested Bill of Costs to the Clerk requesting that certain litigation items be taxed as costs. Defendant filed this Bill of Costs with the Clerk on April 8, 1982 and requested the Clerk to tax the following as costs:

Fees of the court reporter for a transcript necessarily obtained for use in the case      $ 1484.25

| | |
|---|---|
| Fees of witnesses | 1555.76 |
| Fees for exemplification and copies of papers necessarily obtained for use in the case | 4703.85 |
| Costs incident to taking of depositions | 1136.63 |
| Costs as shown on Mandate of Court of Appeals | 206.46 |
| Total | $9,086.95 |

On April 27, 1982 plaintiff filed an objection to defendant's Requested Bill of Costs. Plaintiff objected to defendant's request for taxation of costs in three of the five categories set forth above. Plaintiff challenged defendant's suggested taxation of fees for witnesses, fees for exemplification and copies of papers, and costs incident to the taking of depositions.

The Clerk of the Court agreed with several of plaintiff's objections and revised the Bill of Costs downward to $3,771.74. The reduction was based on two items: witness fees were reduced from $1555.76 to $844.40 and fees for exemplification and copies were reduced from $4703.85 to $100.00.

On June 1, 1982, defendant made this motion for review of the Clerk's determination, and for a retaxation in accordance with its original request.

### Discussion

■ Taxation of costs is, in the first instance, performed by the Clerk and that decision is reviewable by the Court pursuant to Fed.R.Civ.P. 54(d). Review of the Clerk's assessment of costs is a de novo review addressed to the sound discretion of the court. *Farmer v. Arabian American Oil Co.*, 379 U.S. 227, 85 S.Ct. 411, 13 L.Ed.2d 248 (1964). Plaintiff's initial objection to defendant's Requested Bill of Costs identified five items as improperly computed. The costs challenged by plaintiff were:

(a) $1,146.36 travel expenses of defendant's witness, D.G. Noiles, to the extent that such expenses were occasioned by travel from outside a 100 mile radius about the courthouse;

(b) $49.40 fee for hotel accommodations for defendant's witness, F. Neuhauser;

(c) $3,433.35 in translation fees;

(d) $1,270.50 in copying fees;

(e) $1,136.63 as costs incurred in taking the deposition of plaintiff.

Plaintiff's objections will be considered seriatim.

### I. *Expert Witness Travel Expenses*

Plaintiff objects to the $1,146.36 travel expenses of defendants' expert witness Mr. D.G. Noiles, to the extent that the recorded expenses include expenses of travel from outside a 100 mile radius about the courthouse in the District of Columbia. In reducing the taxable fees for witnesses from $1555.76 to $844.40 the Clerk found plaintiff's objection meritorious.

■ Taxation of costs, including costs incident to witness travel, is authorized pursuant to 28 U.S.C. § 1920, and 28 U.S.C. § 1821. Section 1920 provides that a judge or clerk may tax "(3) Fees ... for ... witnesses." Section 1821 sets forth the travel and subsistence fees allowed. witnesses who are in attendance before a court. Although § 1821 permits witnesses to charge fees for "[a]ll normal travel expenses within and outside the judicial district", such expenses are not fully taxable under § 1920. In general, the "100 mile rule" limits taxation of costs for travel for witnesses to travel expenses within 100 miles of the courthouse. The 100 mile rule was developed by the courts in recognition of the limited distance a witness could be compelled to travel to testify. *See Vorburger v. Central of Georgia Rwy.*, 47 F.R.D. 571 (M.D.Ala.1969). The effective territorial limit of a subpoena is 100 miles from the place of trial for witnesses outside the district. Fed.R.Civ.P. 45(e). More recently, the rule has been viewed as serving important prudential goals, by containing otherwise limitless travel costs. For instance, in *Farmer v. Arabian American Oil Co.*, 379 U.S. 227, 234, 85 S.Ct. 411, 416, 13 L.Ed.2d 248 (1964) the Court rejected an argument that federal courts could *never* tax travel costs beyond the 100 mile radius, but cautioned:

That rule, we think, is a proper and necessary consideration in exercising discre-

tion in this field. The century and-a-half old special statutory provision relating to service of subpoenaes more than 100 miles from the courthouse is designed not only to protect witnesses from the harassment of long, tiresome trips but also, in line with our national policy, to minimize the costs of litigation. Accordingly, the trend of decisions in this area has been to limit travel expenses to 100 miles absent a showing of special circumstances. *See Linneman Const., Inc. v. Montana-Dakota Utilities Co.,* 504 F.2d 1365, 1371 (8th Cir.1974); *Sperry-Rand Corp. v. A–T–O, Inc.,* 58 F.R.D. 132, 136 (E.D.Va.1973); *Kaiser Industries Corp. v. McLouth Steel Corp.,* 50 F.R.D. 5, 10 (E.D. Mich.1970); *Vorburger v. Central of Georgia Ry.* 47 F.R.D. 571, 573 (M.D.Ala.1969); *Morgan v. Kight,* 294 F.Supp. 40 (E.D.N.C. 1968). Special circumstances may exist, for example, where the appearance of a particular witness is critical to defendant's case because of conflicting issues of fact. *See Dorothy K. Winston & Co. v. Town Heights Development, Inc.,* 68 F.R.D. 431 (D.D.C.1975); *Electronic Speciality Co. v. International Controls Corp.,* 47 F.R.D. 158 (S.D.N.Y.1969).

 The circumstance surrounding the witness travel costs in the instant case does not present an occasion for waiver of the 100 mile rule. As indicated by plaintiff, defendant has not suggested any special circumstances mandating the use of Mr. Noiles as a witness. Defendant does not suggest that Mr. Noiles was indispensable to the case, or that mechanical engineers of equivalent knowledge or experience could not be found within 100 miles of the District of Columbia. Defendant does not argue that Mr. Noiles' testimony was irreplaceable, or so essential as to present an exceptional circumstance meriting allowance for travel beyond the 100 mile limitation. *See Euler v. Waller,* 295 F.2d 765 (10th Cir.1961); *Mastrapas v. New York Life Insurance Co.,* 93 F.R.D. 401, 405–06 (E.D.Mich.1982). Accordingly, the Clerk

properly reduced the taxable costs for Mr. Noiles' travel and subsistence from $1146.36 to $435.00.[1]

II. *Hotel Expenses of Mr. Neuhauser*

 Defendant seeks to tax plaintiff with the hotel expenses incurred by defendant's witness Mr. Neuhauser when Mr. Neuhauser remained in the District of Columbia on the evening of May 8, 1980 rather than return to his home in Potomac, Maryland. Plaintiff terms this an unnecessary expense, and defendant characterizes the expense as reasonable and warranted. We agree with plaintiff's characterization.

There is no dispute that defendant is entitled to costs, as prescribed in 28 U.S.C. § 1821, for the attendance and expenses of defendant's expert witness. The dispute concerns the amount of costs due for subsistence. Section 1821(d)(1) provides that: "A subsistence allowance shall be paid to a witness ... when an overnight stay is required at the place of attendance because such place is so far removed from the residence of such witness as to prohibit return thereto from day to day." Mr. Neuhauser works in the District of Columbia and commutes each day from his home in Potomac, Maryland. Defendant states that Mr. Neuhauser relies upon public transportation available during rush hour commuting hours. On the night in question Mr. Neuhauser was engaged with defendant's counsel in trial preparation work for the next day's trial. The preparation lasted well into the evening. Rather than request that Mr. Neuhauser return to his home by taxi, counsel for defendant felt it to be more convenient for Mr. Neuhauser to remain in a hotel in the District of Columbia. The court finds that costs incurred mainly for the convenience of a witness does not fall within the strict statutory language of § 1821(d)(1). The District of Columbia is not so far removed from Potomac, Maryland as to justify the taxation of witness lodging expenses. Accordingly, the court

---

**1.** Allowable travel and subsistence costs for Mr. Noiles include 800 miles of travel at $.45 per mile (four trips to Washington from Connecti-

cut) and one day's subsistence at $75.00 per day. *See* 5 U.S.C. § 5702; Federal Travel Regulations 41 C.F.R. § 101–17 (1981).

finds that the $49.40 hotel bill is not a properly taxable cost, and the Clerk's determination otherwise shall be modified.

### III. *Translation of Foreign Patents*

Defendant originally requested costs for translating documents, largely patent applications and proceedings, in the amount of $3,433.35. Defendant states that the translations were of documents obtained during discovery or listed as exhibits which were needed to check the accuracy of translations independently procured by plaintiff. Plaintiff argues that corroborative translations are not taxable because they were duplicative of translations simultaneously submitted by plaintiff, and because the accuracy of plaintiff's translations went unchallenged. The Clerk disallowed defendant's claim for taxation of costs in this category. The Clerk assessed $100 for fees for exemplification and copies of papers necessarily obtained for use in a case. In so doing the Clerk followed common custom and practice in this jurisdiction of limiting fees for exemplification and copying to $100 unless prior court approval of additional costs is of record. Clerk's Supplemental Manual Issuance #33 (January 1982).

■ The proper test to be applied with respect to the translation costs set forth in defendant's exhibits C–1 to C–20 is whether they were necessary for a proper determination of the issues presented, and whether they were of material aid to the court in resolving disputed issues of fact. *See Kaiser Industries Corp. v. McLouth Steel Corp.,* 50 F.R.D. 5, 11–12 (E.D.Mich.1970). Clearly the court has power to tax translation costs as costs for exemplification provided that the requisite showing is made. *Lockett v. Hellenic Sea Transport, Ltd.,* 60 F.R.D. 469, 473 (E.D.Pa.1973); *Kaiser Industries Corp. v. McLouth Steel Corp.,* 50 F.R.D. 5, 12 (E.D.Mich.1970).[2]

■ The court finds that defendant has not made the requisite showing. Defendant's invoices documenting translations of patents fails to itemize the patents and other materials actually translated, and the need for such translation. Defendant merely represents that each translation was necessary to authenticate and verify the translation independently made by plaintiff. However, defendant fails to otherwise justify the need for the documents, and fails to indicate whether the documents were introduced into evidence, or otherwise "necessarily obtained for use in the case." *Sperry Rand Corp. v. A–T–O, Inc.,* 58 F.R.D. 132, 139 (E.D.Va.1973); *Tenneco Chemicals, Inc. v. Burnett & Co.,* 213 U.S. P.Q. 104, 108–09 (D.Md.1980). Whether a document is necessary for litigation is a legal conclusion for the court to determine. Here, defendant has failed to provide the court with sufficient factual information to support that conclusion, and the court cannot infer that the translations listed by defendant were necessary to the case.

The Clerk's decision to disallow expenses for the making of copies, or fees for exemplification and similar services, in excess of $100 is proper one.[3]

### IV. *Costs of Photocopying*

Defendant has also requested that the Clerk tax as costs defendant's expenses for "in-house duplication of exhibits necessarily used at trial." Defendant's duplication costs were disallowed by the Clerk, with the exception of $100. Defendant characterizes his request as reimbursement for "routine and ordinary office copying" and maintains that such costs are taxable against the losing party in the amount of $1270.50.

■ A judge may tax as costs "fees for exemplification and copies of papers necessarily obtained for use in the case." 28 U.S.C. § 1920. *Frigiquip Corp. v. Par-*

---

**2.** 28 U.S.C. § 1920(6) also states that a judge or clerk of any court may tax as costs "compensation of interpreters." Fees for translation services have been found to fall within the meaning of "interpreters." *See Quy v. Air America, Inc.,* 667 F.2d 1059, 1065 (D.C.Cir.1981).

**3.** This court approves the Clerk's general policy requiring prior court approval of expenses for exceptional copying, exemplification, or translation costs. Such approval prompts an early court inquiry into the need for the service in question, and serves to prevent disputes such as the instant one.

ker-Hannifin Corp., 75 F.R.D. 605, 614 (W.D.Okla.1977); *Perlman v. Feldmann,* 116 F.Supp. 102, 109–110 (D.Conn.1953), *rev'd on other grounds* 219 F.2d 173 (2d Cir.), *cert. denied,* 349 U.S. 952, 75 S.Ct. 880, 99 L.Ed. 1277 (1954). However, copies obtained merely for the convenience of counsel are not recoverable as taxable costs. *Sperry Rand v. A–T–O, Inc.,* 58 F.R.D. 132, 138 (E.D.Va.1973); *Burnham Chemical Co. v. Borax Consolidated Ltd.,* 7 F.R.D. 341, 343 (N.D.Cal.1947). Defendant requests that this court approve as taxable costs expenses for copying exhibits on file with the court. Plaintiff objects, arguing that such duplication expenses should be disallowed because counsel for defendant is located in the District of Columbia, and thus has ready and unencumbered access to the exhibits on file with the court. We think that plaintiff's objection is sound, and supported by the weight of authority. Since defendant could have had the use of the filed originals as needed upon proper request and showing, this court cannot conclude that plaintiff's purchase of copies was necessary within the meaning of Section 1920. *See Frigiquip Corp. v. Parker-Hannifin Corp.,* 75 F.R.D. at 615 (disallowing copies where originals were accessible in court); *Semke v. Enid Automobile Dealers Assoc.,* 52 F.R.D. 518 (W.D.Okla.1971), *rev'd on other grounds,* 456 F.2d 1361 (10th Cir.1972) (showing of necessity needed to recover costs of copying and if materials on file mere inconvenience is insufficient); *Prashker v. Beech Aircraft Corp.,* 24 F.R.D. 305, 307–08 (D.Del.1959) (costs of copies not taxable where original has been filed with the court); *Perlman v. Feldmann,* 116 F.Supp. 102, 110 (D.Conn.1953), *rev'd on other grounds,* 219 F.2d 173 (2d Cir.), *cert. denied,* 349 U.S. 952, 75 S.Ct.

880, 99 L.Ed. 1277 (1954) (same); *Sperry Rand Corp. v. A–T–O Inc.,* 58 F.R.D. 132, 317–38 (E.D.Va.1973) (where counsel located near court where original filed, copies not taxable).[4] Although frequent trips to the court to view exhibits involves some expense and inconvenience, such trips do not trigger a showing of necessity as required by the statute. Accordingly, defendant's request for costs for duplication of exhibits is rejected.

### V. Costs for Taking the Deposition of Plaintiff

Defendant's final request is that costs of taking the deposition of plaintiff, Mr. Oetiker, be taxed. Defendant submitted a request for taxation for this item in the amount of $1136.63. The Clerk found this item properly taxable. Plaintiff argues that the deposition at issue was taken solely for discovery, not for trial, and therefore were not "necessarily obtained for use in the case" within the meaning of 28 U.S.C. § 1920. Plaintiff asserts that the deposition was not taken to preserve plaintiff's testimony but merely for discovery. Plaintiff also states that the depositions were not submitted as exhibits, or otherwise used at trial.

The court finds the costs of defendant's deposition of plaintiff properly taxable in the amount requested. Expenses of discovery depositions shown to be reasonably necessary at the time taken are recoverable as costs even if the deposition is not used at trial. *Illinois v. Sangamo Construction Co.,* 657 F.2d 855, 867 (7th Cir.1981); *Nationwide Auto Appraiser Service, Inc. v. Association of Casualty & Surety Cos.,* 41 F.R.D. 76, 77 (W.D.Okla.1966); *Electronic Speciality Co. v. International Controls Corp.,* 47 F.R.D. 158, 162 (S.D.N.

---

**4.** Defendant points out that the court in *Chemical Bank v. Kimmel,* 68 F.R.D. 679, 684 (D.Dela. 1975) rejected the argument that an acquisition of a copy where the original was on file was a mere matter of convenience. The court indicated that frequent visits by counsel to the clerk's office to inspect copies of filed documents would burden parties. However, in *Chemical Bank,* the court allowed taxation of costs for the prevailing party's copying of documents, in part, because the originals were not

filed with the court until the day before commencement of trial. *Id.* at 684. On the other hand, the court disallowed copies of the depositions of two witnesses where the transcripts of both depositions were filed with the court 16 months before trial. The court concluded, "With ample opportunity having been available to inspect the original transcripts, I find that acquisition of these depositions was not reasonably necessary for use at trial." *Id.* at 685.

Y.1969). The facts do not indicate that plaintiff's deposition was taken merely for investigative purposes. *Cf. Kaiser Industries Corp. v. McLouth Steel Corp.,* 50 F.R.D. 5, 2 (E.D.Mich.1970). Mr. Oetiker is the plaintiff in the case at issue and the taking of his deposition could hardly be characterized as the kind of "mer[e] fishing expedition" for which taxing of costs is prohibited under Section 1920. At the time the deposition was taken it appeared to be necessary, and it is taxable as a cost. *See also Ingersoll Milling Machine Co. v. Otis Elevator Co.,* 89 F.R.D. 433, 435 (N.D.Ill. 1981).

Therefore, defendant's request for taxation of the costs for taking plaintiff's deposition will be allowed in the amount of $1136.63.

Defendant shall be awarded total costs as indicated below:

| | |
|---|---|
| (1) Fees of the court reporter | $1484.25 |
| (2) Fees for witnesses | 795.00 |
| (3) Fees for exemplification and copies (translating) | 100.00 |
| (4) Deposition Costs | 1136.63 |
| (5) Costs as shown on the mandate of the Court of Appeals | 206.46 |
| Total | $3722.34 |