Hugh R. MURPHY, a/k/a Red Murphy, Plaintiff,

v.

AMOCO PRODUCTION COMPANY, a corporation, Defendant.

Civ. No. A1–82–13.

United States District Court, D. North Dakota, Southwestern Division.

March 3, 1983.

 

Michael J. Maud, Dickinson, N.D., for plaintiff.

Gary R. Wolberg, Bismarck, N.D., for defendant.

## ORDER

VAN SICKLE, District Judge.

Plaintiff Hugh R. Murphy, a/k/a Red Murphy, (Murphy) has made application to this Court to set attorney fees, expert witness fees and costs pursuant to N.D.C.C. § 38–11.1–09 and N.D.C.C. § 28–26–06. Defendant Amoco Production Company (Amoco) has raised several objections in its return to Murphy's application.

Amoco contends that N.D.C.C. § 38–11.1–09, which provides for recovery of reasonable attorneys fees and costs, is unconstitutional, thus disallowing any recovery whatsoever. In the event that § 38–11.1–09 is deemed constitutional, Amoco argues that Murphy should not be allowed to recover fees and costs claimed for the prior state court actions. Amoco further argues that the amount for expert witness fees and costs is governed by 28 U.S.C. § 1821, not N.D.C.C. § 28–26–06.

Regarding the question of reasonable attorneys fees and costs, Amoco argues that Murphy should not recover any fees and costs for the prior state court actions because he did not prevail in those actions. The Court agrees that Murphy should not recover costs and fees for the state court actions, but not for the reason Amoco advances. Regardless of who actually prevailed in the state court proceedings, Murphy did prevail in his federal court action for damages under § 38–11.1–04. Some of the attorneys fees claimed for the state court actions are no doubt related to trial of the federal court action and could be recovered on that basis. However, many of the fees claimed for the state court proceedings are also related to the unsuccessful attempt to get class action certification in the state court proceedings. Section 38–11.1–09 does not authorize recovery for those fees.

■ It is impossible to determine with any certainty which fees claimed in connection with the state court actions relate to class action certification and which relate solely to Murphy's claim for damages. Therefore no fees will be awarded for those items on Exhibit A of Murphy's application which are dated before March 17, 1981, when the class action certification had been denied and the pleadings were reviewed and redrafted.

■ In recognition of the fact that some of the disallowed fees were germane to the damages action tried to the jury in federal court, recovery will be allowed for fees billed from March 17, 1981 through the trial. The call from David Dick to Red Murphy (on Page 1 of Exhibit B, dated July 20, 1982) is not compensable since Mr. Dick is an Amoco representative, not an attorney. The Court finds that a rate of $65.00 per hour for the time billed in 1981 and $70.00 per hour for the time billed in 1982 and 1983 is a reasonable fee in this case and represents adequate compensation for counsel.

■ The next issue is the allowance of costs for expert witness fees. The majority view among the circuits holds that expert witness costs in federal courts are limited by 28 U.S.C. § 1821. *Quy v. Air America, Inc.,* 667 F.2d 1059, 1066 (D.C.Cir.1981). Similarly, the United States Supreme Court, in construing the predecessor to 28 U.S.C. § 1821, held that Congress had dealt comprehensively with the subject of compensation for witness fees and had made no exception for the fees of expert witnesses. The Supreme Court further stated that such "legislation must be deemed controlling and excludes the application in the federal court of any different state practice." *Henkel v. Chicago, St. Paul, Minn. & Omaha Ry.,* 284 U.S. 444, 446–47, 52 S.Ct. 223, 224–25, 76 L.Ed. 386 (1932). There are no persuasive reasons for applying a different rule in diversity cases. *Bosse v. Litton Unit Handling Systems,* 646 F.2d 689, 695 (1st Cir.1981). The amounts claimed for D.W. Knudson's fees and costs will therefore be disallowed to the extent they exceed the statutory limits set by 28 U.S.C. § 1821.

■ Taxable costs do not automatically include all expenses. Generally, those expenses incident to preparing a case for trial, such as postage and telephone charges, are not recoverable. *Miller v. City of Mission, Kansas,* 516 F.Supp. 1333, 1339 (D.Kan. 1981). Attorneys' travel expenses are not ordinarily recoverable for the same reason. *Dowdell v. City of Apopka, Florida,* 521 F.Supp. 297, 306 (M.D.Fla.1981). The requested compensation for long distance calls, mileage, parking and per diem are not taxable costs.

■ Finally, this Court has discretionary power pursuant to 28 U.S.C. § 1920(2) to assess the cost of taking depositions in favor of the prevailing party. *Chemical Bank v. Kimmel,* 68 F.R.D. 679, 683 (D.Del.1975). A deposition not introduced at trial can still be taxed so long as it was taken for use at trial and not merely for discovery purposes. The taxability depends on whether the deposition, when taken, was reasonably necessary for use in the case. *Id.* at 685.

■ If the depositions themselves are necessary, then copies of depositions taken by opponents will also be taxable costs. Copies of depositions noticed by the prevailing party, however, are more in the nature of an expense than of a taxable cost. *George R. Hall, Inc. v. Superior Trucking Company, Inc.,* 532 F.Supp. 985, 995 (N.D. Ga.1982). Murphy's application for fees and costs does not specify whether the amounts requested as deposition costs are for taking the depositions or for copies. The costs for depositions of David Dick, Ralph Chamberlain, Lester McLean, Wade Iverson, and Darrel Rasmussen will not be allowed, since those depositions were noticed by the prevailing party. Because Richard Urban's deposition was introduced at trial, the cost for his deposition will be allowed.

The Court has taxed fees and costs pursuant to N.D.C.C. § 38–11.1–09, 28 U.S.C. § 1821, and 28 U.S.C. § 1920(2). Although resolution of Amoco's constitutional objections is not essential to the disposition of

Murphy's application, the Court believes it is necessary to at least address those objections at this time. Amoco challenges the constitutionality of N.D.C.C. § 38–11.1–09 on the grounds that it denies Amoco equal protection and constitutes class legislation by virtue of designating a class of defendants for particular liabilities. Section 38–11.1–09 directs the court to award reasonable attorney fees and any costs assessed by the court if the amount the surface owner recovers in court is greater than the amount offered by the mineral developer as settlement. There is no similar provision that allows the mineral developer to recover when the amount recovered by the surface owner is *less* than the amount offered by the mineral developer as settlement.

■ Amoco cites numerous cases, with little clarification or discussion, to support its contention that it is a denial of equal protection to discriminate in favor of successful plaintiffs by awarding them attorney fees while not awarding attorney fees to successful defendants who resist a presumably unjust claim. The "rational basis" test has long been recognized as the proper standard of review for equal protection challenges to legislation affecting economic interests. Under this standard, as long as a rational basis for the law exists and the objective is not arbitrary, capricious, or unreasonable, the law will be upheld. *Railway Express Agency, Inc. v. New York,* 336 U.S. 106, 109–110, 69 S.Ct. 463, 465, 93 L.Ed. 533 (1949); *Minnesota v. Clover Leaf Creamery Co.,* 449 U.S. 456, 461–66, 101 S.Ct. 715, 722–25, 66 L.Ed.2d 659 (1981).

■ The statute in question does not automatically grant recovery of attorney fees to *any* successful plaintiff. Recovery is conditioned on the successful surface owner being awarded a greater amount of compensation by the court than the amount offered by the mineral developer as settlement. The policy underlying N.D.C.C. § 38–11.1–09 is to encourage and promote good faith settlement offers from mineral developers as compensation to surface owners for the damages which unavoidably accompany mineral exploration and develop-

ment. The statute clearly has a rational basis and furthers a legitimate state purpose. For that reason, Amoco's equal protection challenge fails.

■ Amoco also contends that N.D.C.C. § 38–11.1–04, pursuant to which Murphy was awarded damages, is unconstitutional and that any claim for attorney fees must consequently fail as well. Apparently the basis for this contention is that applying the provisions of § 38–11.1–04 to leases that were signed before the effective date of the statute constitutes a retroactive application of law in violation of due process. This is not an objectionable retroactive application of law because Amoco was on notice that it would be strictly liable for damages committed after the effective date of the law. Further, the state's interest in determining the standard of liability must override Amoco's interest in contractual limitation of liability.

■ The same rational basis test used to review equal protection challenges is also used in due process challenges involving economic interests. *Cf.,* 336 U.S. at 108–09, 69 S.Ct. at 464–65; *PruneYard Shopping Center v. Robins,* 447 U.S. 74, 84–85, 100 S.Ct. 2035, 2042, 64 L.Ed.2d 741 (1980). North Dakota is heavily dependent on agricultural production. The overriding public policy of compensating surface owners for lost agricultural production, while still recognizing the need for energy development, is a legitimate exercise of the state's power to protect the public welfare.

Although the North Dakota Supreme Court has not yet been confronted with the precise issue presented by Amoco, it has already indicated that it would find a legitimate state interest. In *Hunt Oil Company v. Kerbaugh,* 283 N.W.2d 131, 135 (N.D. 1979), the court stated in a footnote:

This case does not present, nor does this opinion decide, the issue of whether or not the owner or lessee of the mineral estate is liable for damages arising from the reasonably necessary use of the surface incident to the exploration, development, and transportation of the minerals.

The authorities which have considered the issue appear to be in agreement that such damages are *damnum absque injuria* and no recovery can be had against the mineral estate owner or lessee. . . . This conclusion seems to rest on a principle that injury necessarily inflicted in the exercise of a lawful right does not create liability, but rather, the injury must be the direct result of the commission of a wrong. . . . *We question, however, the social desirability of a rule which potentially allows the damage or destruction of a surface estate equal or greater in value than the value of the mineral being extracted.*

*Future mineral exploration and development can be expected to expand as our demands for energy sources grow. Equity requires a closer examination of whether or not the cost of surface damage and destruction arising from mineral development should be borne by the owner of a severed surface estate or by the developer and consumer of the minerals.* Although we do not doubt the mineral estate owner's right to use the surface estate to explore, develop and transport the minerals, we specifically do not decide if the right of reasonable use also implies the right to damage and destroy without compensation. (Emphasis added.)

For the above reasons, Amoco's contention that § 38–11.1–04 is unconstitutional also fails the rational basis test.

Now therefore it is hereby

ORDERED that the costs of the following items be allowed to plaintiff as the prevailing party under F.R.Civ.P. 54(d):

Attorneys fees:

Donald L. Jorgensen (1.8 hrs. at $65/hr., 1981; 7 hrs. at $70/hr., 1982)

Michael J. Maus (74.7 hrs. at $70/hr., 1982; 3–day trial at $600/day, 1983) ˍˍˍˍˍˍˍ $7,636.00

| Depositions of Richard Urban, Jack Murphy, D.W. Knudson | 206.10 |
| Deposition of Red Murphy | 33.60 |
| Filing Fee (3/25/82) | 15.00 |
| Expert Witness D.W. Knudson (Witness fee, 3 days at $30/day; subsistence, 3 days at $50/day; mileage, 160 miles at .20/mile) | 272.00 |
| | $8,162.70 |