Lawrence A. SCHMID, Plaintiff,

v.

Robert FROSCH, Defendant.

Civ. A. No. 80–0097.

United States District Court,
District of Columbia.

June 5, 1981.

Edward H. Passman, Passman, Price &
Broida, Washington, D.C., for plaintiffs.

John H. E. Bayly, Jr., Asst. U.S. Atty., Washington, D.C., for defendants.

## MEMORANDUM OPINION

AUBREY E. ROBINSON, Jr., District Judge.

In this action brought pursuant to the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621–634 (1976), Plaintiff alleges discriminatory treatment, discharge and retaliation by his former employer, the National Aeronautics and Space Administration (NASA). Specifically, Plaintiff avers that following the nondiscriminatory abolition of his position as physicist at the Goddard Space Flight Center, NASA refused to place him in a meteorologist job, for which he says he was qualified, and instead placed a younger employee in that position. Schmid also maintains that he was discharged from Goddard as a result of a reduction in force (RIF) which he claims had a discriminatory impact on older workers protected by the ADEA. Related to that claim, Schmid asserts that but for a professional intern program (PIP) which protected younger employees from displacement, he would have been given displacement rights following the RIF. Protection of younger workers was an ADEA violation according to Schmid. Finally, Plaintiff maintains that NASA's refusal to certify him as a meteorologist was in retaliation for his challenge of the RIF as discriminatory.

This case is before the Court on cross motions for summary judgment. There are no material facts in dispute as to any of the three claims: (1) refusal to place as meteorologist, (2) reduction in force, and (3) retaliation. Defendant is entitled to summary judgment on all three claims. The facts will be briefly outlined. Then, each claim will be separately analyzed.

The series of events giving rise to this litigation began on July 3, 1977. On that date, Plaintiff's position as a GS–13 physi-cist was abolished when the Theoretical Studies Group of the Sciences Directorate at Goddard was disestablished. Plaintiff was assigned to a holding position for possible transfer. Subsequently, in late July 1977, the appropriate personnel officers recommended Plaintiff's transfer to a meteorologist position. A position description was prepared embodying Plaintiff's classification as a "GS–1330 space scientist". On August 4, 1977, the official responsible for Plaintiff's potential transfer to a meteorologist position disapproved creation of the position for Plaintiff.

On August 13, 1978, a young Ph.D was appointed to a meteorologist position calling for someone with a "GS–1340 meteorologist" classification. Plaintiff urges that the position to which the Ph.D was appointed was essentially the same position Schmid was denied. Plaintiff further contends that the only reason the younger Ph.D was appointed was his age. Defendant counters by stating that the position filled in August, 1978 was one created in early 1977 in connection with a 1976 talent search and was distinct from the one denied Plaintiff, as evidenced by the GS–1340 classification.

On November 29, 1977, a large Center-wide RIF occurred which eventually resulted in Plaintiff's discharge from employment by NASA in January, 1978. Schmid argues that this RIF affected those workers protected by the ADEA, workers 40 years of age and older, more severely than younger workers. He advances statistics taken from an employee population of eleven people to prove that the probability of being downgraded or separated was greater for the over-40 professional employee than for the under-40 professional employee.[1] Since he is a member of the ADEA protected group, Schmid argues that the RIF was discriminatorily applied to him.

Following the RIF, Plaintiff, as a long-tenured employee, had certain "displacement" or "bumping", rights which permitted him to displace employees of less tenure

---

1. Plaintiff also provides statistical evidence to demonstrate that earlier RIFs, to which he was not subjected, were also discriminatory, thus indicating a "pattern and practice" of age discrimination.

in positions for which he was qualified. Plaintiff claims he was qualified for a position held by a Dr. Flasar but that he was unable to "bump" Dr. Flasar. Flasar was insulated from bumping by the PIP, which is a development and training program designed to foster new professionals below the journeyman level. An essential element of the PIP is that its positions are kept in competitive levels separate from the rest of the workforce so that new professionals may advance in their career tracks without interruption. Plaintiff argues that this impediment to his "bumping" rights was a violation of the ADEA.

Following Schmid's discharge in January, 1978, he was eligible for placement on a register of jobs maintained in conjunction with the Displaced Employees Program at Goddard. Plaintiff requested that he be listed as an available GS–1340 meteorologist. On April 18, 1978, the appropriate personnel officer denied Plaintiff certification as a GS–1340 meteorologist. In January, 1978, Plaintiff appealed his discharge under the RIF; in May, 1978, after the refusal to certify him, Plaintiff added an age discrimination claim to his appeal. Plaintiff claims that the refusal to certify him was in retaliation for complaining about age discrimination.

## I. REFUSAL TO PLACE AS METEOROLOGIST

■ The elements of a *prima facie* case of age discrimination in a refusal to hire or promote context are the same as those in a Title VII action, *Loeb v. Textron, Inc.*, 600 F.2d 1003 (1st Cir. 1979); *Rodriguez v. Taylor*, 569 F.2d 1231 (3d Cir. 1977), *cert. denied*, 436 U.S. 913, 98 S.Ct. 2254, 56 L.Ed.2d 414 (1978), to wit: a) Plaintiff belongs to the protected group; b) he applied for and was qualified for a job for which the employer was seeking applicants; c) despite his qualifications he was rejected; and d) the employer continued to seek applicants for the position. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973). Plaintiff did not apply for the job allegedly denied him.

Further, Schmid did not possess the skill required for the meteorologist position given the young Ph.D. Thus, Plaintiff has failed to satisfy that element of a *prima facie* case which requires Plaintiff to have applied for and to have been qualified for a job for which the employer was seeking applicants.

The GS–1340 position awarded the young Ph.D in 1978 was patterned after a position created in early-1977 in connection with a talent search started in 1976. The GS–1330 position proposed for Schmid was tailored to his qualifications as a space scientist and was developed as an accommodation following the abolition of Schmid's position with the Theoretical Studies Group. There is no assertion that Schmid considered the GS–1330 position to be in furtherance of the 1976 talent search or to be patterned after the GS–1340 position created in early-1977. Nor does Plaintiff contend that the official who denied the creation of the GS–1330 position felt Schmid was applying for the talent search position. Schmid's assertion that he applied for the position awarded in 1978 has no factual support. Mere similarity in certain job characteristics does not mean that an application for one position is an application for the other.

■ Assuming Schmid did apply for the GS–1340 job, he was unqualified for that position. Schmid admits that he lacked GS–1340 certification but argues that the difference between a GS–1330 and a GS–1340 is minimal. (Schmid states that the only additional training required for a GS–1340 slot is six semester hours of weather forecasting and analysis.) To make out a *prima facie* case of age discrimination, Plaintiff must show he was qualified. It is not enough to state that he lacked a certain qualification but that the deficiency could have been overlooked (unless, of course, Plaintiff claims that the employer overlooked the deficiency for employees under 40 but not for those protected by the ADEA; the facts as alleged would not support such an allegation).

## II. REDUCTION IN FORCE

### A. The Disparate Impact Claim

■ A plaintiff in a discrimination action may establish a *prima facie* case of discrimination through the presentation of statistics in individual actions as well as in class actions. *Davis v. Califano*, 613 F.2d 957, 962 (D.C. Cir. 1979). Schmid's attempt to present a *prima facie* case of age discrimination in connection with the reduction in force by his proffer of statistical evidence is unavailing. The statistics offered by Plaintiff are not probative of discrimination. *See Freeman v. Adams*, No. 76–1587 (D.D.C. October 29, 1980). *Cf. Segar v. Civiletti*, 508 F.Supp. 690, 712 (D.D.C.1981) (statistics probative of racial discrimination with regard to salary, work assignment, supervisory evaluation, discipline and promotion).

■ In the 1978 RIF of which Schmid complains, only eleven employees holding grades GS–11 and above were separated. Such a small sample detracts from the value of statistical evidence. *Mayor of Philadelphia v. Educational Equality League*, 415 U.S. 605, 620–21, 94 S.Ct. 1323, 1333, 39 L.Ed.2d 630 (1974). While this defect could be overcome by a showing of statistical significance, *see, e. g., Hazelwood School District v. United States*, 433 U.S. 299, 309–11 n.14 and n.17, 97 S.Ct. 2736, 2742–43 n.14 and n.17, 53 L.Ed.2d 768 (1977) (standard deviation analysis endorsed), or by evidence of gross disparity, *International Brotherhood of Teamsters v. United States*, 431 U.S. 324, 339–40 n.20, 97 S.Ct. 1843, 1856 n.20, 52 L.Ed.2d 396 (1977), neither are present in this case. The raw percentage comparisons presented by Plaintiff are inadequate for a showing of statistical significance. And Plaintiff does not indicate that the effect of the RIF on older employees was grossly disproportionate to the distribution of older employees in the employee population as a whole. The statistics presented do not raise an inference of discrimination.[2]

### B. The PIP Claim

There is no merit to Schmid's claim of discrimination in connection with the professional intern program, which insulated professionals below the journeymen level from displacement by RIFed employees such as Schmid. Schmid specifically complains that he was unable to displace a younger PIP protected Ph.D., Dr. Flasar.

■ The fact that more younger employees than older participated in the PIP is not by itself indicative of age discrimination. Schmid does not assert that older employees were not allowed to participate in PIP if they met the program criteria. Nor does Schmid offer any evidence that younger RIFed employees had any greater rights than older employees when confronted with a PIP protected job. The Age Discrimination in Employment Act does not give an older employee the right to displace a younger employee simply on account of age.

## III. RETALIATION

Chronology belies Schmid's claim of retaliation for filing an age discrimination claim. While it is unlawful to discriminate against someone because he has opposed unlawful age discrimination or has filed a charge, 29 U.S.C. § 623(d) (1976), there is no evidence of any retaliatory discrimination in the facts presented.

■ Schmid's reprisal allegation stems from the deletion of a GS–1340 qualification from his displaced employee's registration, following his separation from Goddard. The deletion occurred in April, 1978. Plaintiff's age discrimination charge was filed in May, 1978. It is thus impossible for the deletion in April to have been in retaliation for charges filed in May. *See Downey v. A. H. Belo Corp.*, 402 F.Supp. 1368 (N.D.Tx. 1975). *See also Silver v. KCA, Inc.*, 586 F.2d 138 (9th Cir. 1978). Moreover, the deletion was altogether proper since Schmid was not in fact qualified as a GS–1340.

---

**2.** Since the 1978 statistics are insignificant, statistics from earlier RIFs, by which Plaintiff was not affected, do not bolster Plaintiff's claim of a pattern or practice of discrimination.

Even if timing allowed, there was nothing improper about the correction of Schmid's displaced employee's registration which would support a retaliation charge.

## IV. CONCLUSION

With no material facts in dispute, Defendant is entitled to Judgment as a matter of law on all claims of age discrimination.

An appropriate Order accompanies this Memorandum Opinion.