Delmas GRIDER, Plaintiff,

v.

**KENTUCKY & INDIANA TERMINAL RAILROAD COMPANY, Defendant.**

No. C 81–0702–L(B).

United States District Court,
W.D. Kentucky,
Louisville Division.

Jan. 27, 1984.

John E. Wise, Dana Kolter, Louisville, Ky., for plaintiff.

Charles Greenwell, Lee Troutman Cory, Louisville, Ky., for defendant.

### MEMORANDUM AND ORDER ·

BALLANTINE, District Judge.

This matter is before the Court on the petition of the defendant for a review of the plaintiff's bill of costs.

This FELA action resulted in a verdict for plaintiff against defendant. As the prevailing party, plaintiff has now submitted a bill of costs in excess of $3,200.00. Defendant, not surprisingly, has raised rather vigorous objections. We will consider the items claimed which are disputed.

■ We start with the fundamental proposition that: "Typically costs are allowed in favor of the winning party against the losing party to provide at least partial

indemnification of the expenses incurred in establishing his claim or defense. Under the American system, costs almost always amount to less than the successful litigant's total expenses in connection with a lawsuit." Wright, Miller and Kane, *Federal Practice and Procedure*: *Civil*, Section 2666 at 173. This case falls squarely within that observation.

## DEPOSITION COSTS

■ Plaintiff claims entitlement to his costs incurred in procuring copies of depositions. We agree with plaintiff that whether to award this item addresses itself to the discretion of the Court. This Court has remained persuaded for almost 20 years that such costs are a part of the anticipated overhead of practicing law and plaintiff's bill of costs will be reduced to the cost of the original of the depositions which were taken by his counsel, or $351.80.

## WITNESS FEES

Title 28 U.S.C. Section 1821(b) provides in part: "A witness shall be paid an attendance fee of $30.00 per day for each day's attendance."

■ Plaintiff seeks to recover the full amount paid to his experts for witness fees. Rejecting a similar claim in an FELA case, the court in *Henkel v. Chicago, Etc. Ry. Co.*, 284 U.S. 444, 52 S.Ct. 223, 76 L.Ed. 386 (1932) wrote:

"Specific provision as to the amounts payable and taxable as witness fees was made by the Congress as early as the Act of February 28, 1799, c. 19, [Section] 6, 1 Stat. 624, 626. See, also, Act of February 26, 1853, c. 80, [Section] 3, 10 Stat. 161, 167, Rev.St. [Section] 848 (28 USCA [Section] 601. The statute now applicable is the Act of April 26, 1926, c. 183, 44 Stat. 323. U.S.Code tit. 28, [Section] 600a to 600d (28 USCA [Sections] 600a to 600d). Under these provisions, additional amounts paid as compensation, or fees, to expert witnesses cannot be allowed to be taxed as costs in cases in the federal courts."

*See also, Bosse v. Litton Unit Handling Systems, Inc.*, 646 F.2d 689 (1st Cir.1981).

Plaintiff's claims for witness fees will be limited to the lesser of $30.00 per witness or the actual amount paid to a witness. The total award of costs for this item will be limited to $125.00.

## COPIES OF MEDICAL RECORDS

■ Plaintiff seeks $88.00 for copies of medical records from Humana Hospital University, Methodist Evangelical Hospital, and Dr. Wilbert Twyman. The Court concludes that these records were probably necessarily obtained for use in the preparation of the case and defendant's objection thereto will be overruled.

## WITNESS FEES FOR DEPOSITIONS

■ Plaintiff claims $422.00 for the deposition fees of two physicians who were deposed prior to trial.

Title 28 U.S.C. Section 1821(a) is dispositive of this claim: "Except as otherwise provided by law, a witness in attendance ... before any person authorized to take his deposition pursuant to any rule or order of a court of the United States shall be paid the fees and allowances provided by this Section."

Plaintiff will be awarded $60.00 for the deposition fees of the physicians.

## OTHER COSTS

■ Finally, plaintiff seeks to recover certain miscellaneous costs. Included in these costs are a photographer's charge for taking photographs of a crane which plaintiff argues should have been in use at the time of his injury, and for the cost of photos of the accident scene.

The Court concludes that photos are incidental expenses attendant upon any lawsuit and, as noted in Wright, Miller and Kane, *supra*, at page 173:

" 'Expenses,' of course, include all the expenditures actually made by a litigant in connection with the action. Both fees and costs are expenses but by no means

---

constitute all of them. For example, absent a special statute or an exceptional exercise of judicial discretion, such items as attorney's fees, travel expenditures, and investigatory expenses will not qualify either as statutory fees or reimbursable costs. These expenses must be borne by the litigants."

The Court determines that plaintiff is not entitled to recover these expenses. We further determine that plaintiff is entitled to recover his costs incurred having subpoenas served and he will be allowed $30.00 on that account.

## CONCLUSION

The Court will direct the Clerk to tax costs at $729.00 as follows:

| | |
|---|---|
| Fees of the Clerk | $ 70.00 |
| Fees for the Service of summons and complaint | 4.20 |
| Fees for court reporters | 351.80 |
| Fees for witnesses | 185.00 |
| Fees for exemplification and copies | 88.00 |
| Other costs | 30.00 |
| TOTAL | $729.00 |

The Court has also considered and summarily rejects as frivolous defendant's claim for attorneys' fees incurred in resisting plaintiff's tendered bill of costs.