Lawrence A. SCHMID, Plaintiff,

v.

Robert A. FROSCH, Administrator of NASA, Defendant.

Civ. A. No. 80–0097.

United States District Court, District of Columbia.

Jan. 30, 1985.

John H.E. Bayly, Jr., Asst. U.S. Atty., Washington, D.C., for defendant.

Edward H. Passman, David H. Shapiro, Joseph B. Scott, Kator, Scott & Heller, Washington, D.C., for plaintiff.

## MEMORANDUM AND ORDER

AUBREY E. ROBINSON, Jr., Chief Judge.

Presently before the Court is Plaintiff's Motion for Review of Taxation of Costs assessed by the Clerk of the Court. The motion evolves out of an age discrimination suit and subsequent petition for attorneys' fees and costs. Following a successful appeal, 680 F.2d 248, of this Court's grant of summary judgment for Defendant, 515 F.Supp. 1260, and shortly before the case would have proceeded to trial, the parties entered into a court-approved settlement agreement which afforded Plaintiff substantial relief and which expressly provided that he was entitled to an award of attorneys' fees and costs.

The Court arrived at $56,879.79 as a reasonable award of fees and costs. Plaintiff was denied non-statutory costs for secretarial overtime and annual leave used during the pendency of his case. In accordance with the usual practice of this Court

and pursuant to Fed.R.Civ.P. 54(d), Plaintiff was directed to file a Bill of Costs with the Clerk of the Court for the remaining costs. Dissatisfied with the Court's denial of annual leave and with the direction to file a Bill of Costs with the Clerk, Plaintiff filed a motion for reconsideration. The motion was denied in all respects; Plaintiff filed his Bill of Costs for reimbursement of expenses totalling $6,431.93.

The Clerk allowed only $2,910.42. In the instant motion for review of this calculation, Plaintiff requests the Court to order an additional payment of $3,521.51. This amount includes $3,085.00 in expert witness fees, $101.76 for deposition costs and $334.75 for photocopying expenses.

▆ Before considering Plaintiff's motion to review and award these additional costs, the Court first notes that Fed.R. Civ.P. 54(d) creates a strong presumption favoring the taxation of costs against the losing party. *Sun Ship, Inc. v. Lehman,* 655 F.2d 1311 (D.C.Cir.1981). However, this presumption extends only to those items for which there is statutory authority. *Zdunek v. WMATA,* 100 F.R.D. 689 (D.D.C.1983). While the Court may, in its discretion, award non-statutory costs reasonably incurred, the Court must also be mindful of the Supreme Court's admonition in *Farmer v. Arabian American Oil Co.,* 379 U.S. 227, 235, 85 S.Ct. 411, 416, 13 L.Ed.2d 248 (1964): "We do not read that Rule [54(d)] as giving district judges unrestrained discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur in the conduct of his case. Items proposed by winning parties as costs should always be given careful scrutiny."

For the reasons set forth below and upon a careful review of the Clerk's assessment of costs and the record in this case, the motion to review taxation of costs is granted with respect to photocopying and deposition costs, costs specified in the governing statute, and denied with respect to the non-statutory costs for expert witness fees.

*Depositions*

▆ Expenditures made in obtaining copies of depositions are taxable as costs pursuant to 28 U.S.C. §§ 1920(2) and (4). The authorizing statute allows for the taxation of costs for fees of the court reporter, exemplification and copies of papers "necessarily obtained for use in the case." In addition to the statutory restriction of costs to those depositions "necessarily obtained," the Clerk restricts the assessment of deposition costs to those which are properly noticed and filed with the Court. *See Clerk's Supplemental Manual Issuance No. 33.* The depositions giving rise to Plaintiff's request for $101.76 were taken by Defendant of Plaintiff's experts. Defendant did not notice or file the depositions with the Court; for this reason, the Clerk disallowed the cost.

Plaintiff petitions for review of the Clerk's disallowance of this amount, contending that the cost was reasonably incurred. Depositions which are used at trial are presumed to have been necessarily obtained. However, a case need not proceed to trial in order for a deposition to be "necessarily obtained" within the meaning of the statute. *Jeffries v. Georgia Residential Finance Authority,* 90 F.R.D. 62 (N.D.Ga.1981). It would indeed be harsh to penalize Plaintiff for having managed to settle his complaint favorably without resort to trial and the use of the depositions as evidence. Instead, the Court has discretion in determining whether or not the depositions were "necessarily obtained" in light of all the circumstances. *Neely v. General Electric Co.,* 90 F.R.D. 627 (E.D. Tenn.1981).

It would also be harsh to penalize Plaintiff because Defendant failed to notice and file depositions with the Court. It is clear that since the cost requested involved depositions noticed and taken by the losing party, it was not within the prevailing party's control to comply with the practice of the Clerk's Office. Accordingly, Plaintiff will be allowed to recover an additional award for deposition costs of $101.76.

*Photocopying*

▆ Copies of papers "necessarily obtained" for use in the case are also taxable

as costs pursuant to 28 U.S.C. § 1920(4). However, the Clerk is again limited regarding these costs. Pursuant to the limitation on its authority set forth in *Clerk's Supplemental Manual Issuance No. 33,* the Clerk may assess a maximum of $100.00 for photocopying. Therefore, Plaintiff was disallowed $334.75 of his requested costs. This expense is not itemized in either Plaintiff's petition for costs or in the Bill of Costs submitted to the Clerk. The Court believes that such itemization is not necessary in light of the progress of the case before this Court and the reasonableness of the amount requested. The reimbursement request is not unreasonable given the fact that this case involved defending against a motion for summary judgment, an appeal of the Court's decision and further proceedings until settlement was reached almost upon the eve of trial.

Therefore, it is the Court's determination that it "should not second-guess the attorneys' decision" regarding copies of papers and documents. *Northcross v. Board of Education of Memphis City Schools,* 611 F.2d 624, 642 (6th Cir.1979). The case was competently and successfully resolved in favor of Plaintiff. The additional amount of $334.75 also shall be assessed in favor of Plaintiff.

*Expert Witness Fees*

In general, federal courts have no power to tax as costs the compensation of expert witnesses in excess of the per diem and per mile allowances provided to witnesses in 28 U.S.C. § 1821. *Illinois v. Sangamo Construction Co.,* 657 F.2d 855 (7th Cir.1981). 28 U.S.C. § 1821 contemplates witness expenses in cases which proceed to trial. Since this case did not involve a trial, Plaintiff is not entitled to reimbursement under the statute.

However, federal courts are not prevented from exercising their equitable discretion to tax such fees where: "(1) an expert witness is necessary to the presentation of a party's claim or the Court is confronted with exceptional circumstances; and (2) the party has made prior application to the Court setting forth the nature and importance of the testimony of such experts; and (3) the expense is reasonable and not excessive." *Cagle v. Cox,* 87 F.R.D. 467, 469 (E.D.Va.1980). While the controlling case in this Circuit, *Quy v. Air America, Inc.,* 667 F.2d 1059 (D.C.Cir.1981), stopped short of requiring that prior application be made, the Court must find "exceptional circumstances" before assessing witness fees in excess of the amount under the statute. Such a finding of "exceptional circumstances" is to be confined to those rarest of cases in which the Court requires the testimony or aid of "a specially qualified expert witness who will furnish information or evidence not otherwise reasonably accessible to the Court and whose appearance is determined to be critically important to the resolution of the case." *Quy v. Air America, Inc.,* 667 F.2d at 1066, n. 11. The Circuit further noted that if an expert is "determined to be critically important to the resolution of the case, then the Court should have approved or required his testimony on these terms in advance. Absent such findings, there is no justification for an award of costs based upon special fees for 'expert witnesses' not otherwise allowable to witnesses under 28 U.S.C. § 1821." *Id.* at 1068, n. 15.

Plaintiff made no effort to secure the advance approval of the Court and there is nothing in the record to indicate that the efforts of the two experts were unusual or critically important to the resolution, *i.e.,* settlement of Plaintiff's case. In fact, there is no indication that the experts provided more than mere "investigatory services," were of value to the development of Plaintiff's case or influenced the settlement in any way. In short, documentation for the expert fees is sadly lacking.

The Court recognizes that this case did not proceed to trial where the use of and need for Expert Testimony would have been more readily apparent. Nevertheless, if the Court is expected to award costs for their compensation, some evidence must be found in the record indicating that the experts were influential in the settlement or in obtaining "substantial relief" for Plaintiff. There is none. Based upon this

record, it is impossible for the Court to find the "exceptional circumstances" which are requisite to an award of expert witness fees in excess of the statutory amounts found in 28 U.S.C. § 1821.

In conclusion, the record in this case remains devoid of evidence which would support an award of expert fees in spite of the fact that Plaintiff has now had three opportunities to provide such documentation. He had an opportunity once with his original petition, twice with his motion for reconsideration and Bill of Costs and thrice with this motion to review the taxation of costs. The Court is not inclined to grant any party unlimited opportunity to buttress his claims. Recovery for expert fees in the amount of $3,085.00 was properly disallowed by the Clerk and, since the record remains without evidence to support "exceptional circumstances," will not be assessed by the Court.

Therefore, for the foregoing reasons, Plaintiff's Motion for Review of Taxation of Costs is granted in part and denied in part.