Albert **NEUMANN, et al.,** Plaintiffs,

v.

The **REINFORCED EARTH CO.,** Defendant.

**Civ. A. No. 81–0459.**

United States District Court, District of Columbia.

April 18, 1986.

Wayne M. Mansulla, Washington, D.C., for plaintiffs.

Richard McMillan, Jr., Washington, D.C., for defendant.

## MEMORANDUM

GASCH, Senior District Judge.

On July 5, 1984, 594 F.Supp. 139 (D.D.C. 1984), this Court granted defendant's motion for judgment notwithstanding the verdict. Defendant later submitted to the Clerk of Court a bill of costs in the amount of $91,909.98. The Clerk eventually taxed costs in the sum of $8,049.17. On September 10, 1984, defendant filed the instant motion, which seeks to increase the taxation of costs to $91,909.98.[1]

DISCUSSION

In federal courts, "costs shall be allowed as a matter of course to the prevailing party unless the court otherwise directs." Fed.R.Civ.P. 54(d). This request for costs is governed by 28 U.S.C. § 1920 (1982), which permits recovery of:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

---

1. Defendant also moved for a court order requiring plaintiffs to post a bond for whatever amount of compensable costs were eventually approved by this Court. This motion was intended to provide security to defendant during the pendency of plaintiffs' appeal of this Court's JNOV ruling. Since that motion was filed, the court of appeals has affirmed this Court's decision. *See Neumann v. The Reinforced Earth Co.*, 786 F.2d 424 (D.C.Cir.1986). The court of appeals' decision effectively moots defendant's motion for a cost bond, and the Court therefore declines to address that motion.

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

There is a presumption in favor of awarding costs to the prevailing party, but the "allowance, disallowance, or apportionment of costs is in the sound discretion of the district court." *Moore v. National Ass'n of Securities Dealers, Inc.*, 762 F.2d 1093, 1107 (D.C.Cir.1985). The court's discretion "should be sparingly exercised with reference to expenses not specifically allowed by statute," however, and the prevailing party's bill of costs "should always be given careful scrutiny." *Farmer v. Arabian American Oil Co.*, 379 U.S. 227, 235, 85 S.Ct. 411, 416, 13 L.Ed.2d 248 (1964). These standards are intended to prevent award of "litigation costs so high as to discourage litigants from bringing lawsuits, no matter how meritorious they might in good faith believe their claims to be." *Farmer*, 379 U.S. at 235, 85 S.Ct. at 416.

### A. *Depositions*

The Clerk denied taxation of costs for depositions noticed by plaintiffs and for a deposition which defendant failed to file.[2] Accordingly, the Clerk permitted recovery of only $7,444.17 of the $11,100.47 sought by defendant.

Deposition costs are taxable if the depositions were "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). This determination is "an issue of fact to be determined by the district judge based on either the existing record or the record supplemented by additional proof." *Sun*

*Ship, Inc. v. Lehman*, 655 F.2d 1311, 1318 (D.C.Cir.1981). Depositions may be "necessarily obtained" if they are used to prepare for future depositions, for motions, for pretrial proceedings, or for trial. *See Sun Ship, Inc.*, 655 F.2d at 1318 n. 49; *Zdunek v. WMATA*, 100 F.R.D. 689, 694 (D.D.C. 1983); *Oetiker v. Jurid Werke, GmbH*, 104 F.R.D. 389, 394 (D.D.C.1982).

The depositions for which defendant seeks recovery were of witnesses whose testimony was significant to resolution of this case. The facts do not suggest that the depositions were "taken merely for investigative purposes." *Oetiker*, 104 F.R.D. at 395. That the depositions were not introduced at trial does not preclude recovery. *Oetiker*, 104 F.R.D. at 394; *see In Re Air Crash Disaster*, 687 F.2d 626 (2d Cir. 1982). Nor does the fact that the depositions were noticed by plaintiffs, rather than defendant, bar recovery. *See Schmid v. Frosch*, 609 F.Supp. 490 (D.D.C.1985). Defendant thus may recover for these deposition costs.

The Court affirms the Clerk's denial of costs for the deposition noticed by defendant but not filed, however. While defendant describes the failure to file as "inadvertent," that failure indicates that defendant did not view the deposition as "necessary" to resolution of the case. The "careful scrutiny" required of this Court mandates that defendant should not be rewarded for its "inadvertence."

### B. *Expert Witness Fees*

Defendant seeks $52,336.42 in expert witness fees to cover expenses for an economist and a patent expert. In this circuit, "except possibly in a case involving 'exceptional circumstances,' allowable [expert] witness costs must be limited pursuant to 28 U.S.C. § 1821." *Quy v. Air America, Inc.*, 667 F.2d 1059, 1066 (D.C.Cir.1981). "Exceptional circumstances" may be

---

**2.** The Clerk's determinations were made pursuant to guidelines set forth in *Clerk's Supplemental Manual Issuance No. 33. See Schmid v. Frosch*, 609 F.Supp. 490, 492–93 (D.D.C.1985). That manual places specified limitations on the

Clerk's authority to tax costs, including restricting assessment of deposition costs to those which are "properly noticed and filed with the Court." *Schmid*, 609 F.Supp. at 492.

present if a court determines in advance that an expert's testimony will be "critically important to the resolution of the case." *Id.* at 1068 n. 15.

Defendant acknowledges that the Court did not make an advance determination, but argues that *Quy* should nevertheless be extended to encompass this case. This Court will follow other decisions that have declined to extend *Quy*, however. *See Schmid,* 609 F.Supp. at 493–94; *Zdunek,* 100 F.R.D. at 693. Defendant has failed to establish that the experts were "critically important to the resolution" of this case; rather, defendant has shown only that their testimony was helpful to its victory. Allowing recovery on this record "could easily render the *Quy* rule meaningless." *Zdunek,* 100 F.R.D. at 693; *see also Schmid,* 609 F.Supp. at 493.

### C. *Trial Exhibits, Trial Graphics, and Film*

The Clerk permitted recovery of only $100 of $2,115.90 requested for costs involved in photocopying trial exhibits. The Court will uphold this determination. Copies of exhibits which are on file with the Court are not "necessarily obtained for use in the case," 28 U.S.C. § 1920(4), but are obtained "merely for the convenience of counsel." *Oetiker,* 104 F.R.D. at 394; *see also Fressell v. A.T. & T. Technologies, Inc.,* 103 F.R.D. 111, 116 (N.D.Ga.1984); *Frigiquip Corp. v. Parker-Hannifin Corp.,* 75 F.R.D. 605, 614 (W.D.Okla.1977).

Defendant also seeks compensation for costs incurred in obtaining the transcript of *The Reinforced Earth Co. v. Albert Neumann,* No. M–77–285 (D.Md. 1978), which was used as an exhibit in this case. This transcript was of great importance, since the Maryland case gave rise to plaintiffs' allegation of anticompetitive conduct. Accordingly, defendant's request for $1,963.60 in costs for this exhibit is granted.

The Clerk disallowed $7,674.92 requested by defendant for trial graphics.

Defendant argues that these graphics were necessary to clarify the issues in the case.

A number of courts permit taxation of graphic evidence only if the trial court has given its approval prior to trial, however. *See Studiengesellschaft Kohle v. Eastman Kodak,* 713 F.2d 128 (5th Cir.1983); *Shakey's, Inc. v. Covalt,* 704 F.2d 426 (9th Cir.1983); *Wahl v. Carrier Manufacturing Co., Inc.,* 511 F.2d 209 (7th Cir.1975); *Grider v. Kentucky & Indiana Terminal Railroad Co.,* 101 F.R.D. 311 (W.D.Ky. 1984); *Esler v. Safeway Stores, Inc.,* 77 F.R.D. 479 (W.D.Mo.1978). As one court explained, requiring pretrial approval "avoids the possible abuse of incurring oppressive costs by one party, ex parte, which may be taxed to his adversary, and yet provides for full utilization of charts and exhibits necessary to the proper and efficient disposition of the case." *Johns-Manville Corp. v. Cement Asbestos Products Co.,* 428 F.2d 1381, 1385 (5th Cir.1970). The requirement of prior approval thus is consistent with the concerns expressed in *Farmer* and with the approach adopted by this circuit in *Quy.* Since no advance approval was given in this case, defendant's request for costs may be denied on this basis.

In addition, the graphic evidence prepared by defendant was not "necessarily obtained for use in the case." 28 U.S.C. § 1920(4) (1982). As one commentator has noted, "The expenses of items merely illustrative to expert testimony, other evidence, or argumentative matters, or obtained for convenience in preparation of trial are normally not taxable as costs." 6 J. Moore, *Moore's Federal Practice* ¶ 54.77[6], at 1741 (1985 ed.); *see Grider,* 101 F.R.D. at 312–13; *Kaimowitz v. Howard,* 547 F.Supp. 1345 (E.D.Mich.1982), *aff'd,* 751 F.2d 385 (6th Cir.1984); *Independence Tube Corp. v. Copperweld Corp.,* 543 F.Supp. 706 (N.D.Ill), *aff'd,* 691 F.2d 310 (7th Cir.1982), *rev'd on other grounds,* 467 U.S. 752, 104 S.Ct. 2731, 81 L.Ed.2d 628 (1984). Here defendant has admitted that the graphic evidence was used simply to clarify the import of other evidence.

The same rationales require denial of defendant's request for $4,173.37 for producing a film which outlined the process by which defendant builds its retaining walls. This film was not approved in advance and admittedly was used for illustrative purposes, not as independent evidence "essential to establish the defense." *Shakey's, Inc.*, 704 F.2d at 437.

### D. *Trial Transcript*

Defendant requests $12,306.60 for taxation of the daily trial transcript. Defendant argues that the transcript was used by both sides at trial and that the transcript of the jury instructions was taken into the jury room during deliberations.

Taxation of trial transcripts has been permitted in certain cases. *See State of Illinois v. Sangamo Constr. Co.*, 657 F.2d 855 (7th Cir.1981); *Independence Tube Corp.*, 543 F.Supp. at 706; *Brager & Co., Inc. v. Leumi Securities Corp.*, 530 F.Supp. 1361 (S.D.N.Y.), *aff'd*, 697 F.2d 288 (2d Cir.1982). However, courts have "warned that '[t]o assess the losing party with the premium cost of daily transcripts, necessity—beyond the mere convenience of counsel—must be shown.'" *In Re Air Crash Disaster*, 687 F.2d at 632 (quoting *Galella v. Onassis*, 487 F.2d 986, 999 (2d Cir.1973)); *see Moe v. Avions Marcel Dassault-Breguet Aviation*, 727 F.2d 917 (10th Cir.), *cert. denied*, — U.S. —, 105 S.Ct. 176, 83 L.Ed.2d 110 (1984); *Todd Shipyards Corp. v. Turbine Service, Inc.*, 592 F.Supp. 380 (E.D.La.1984), *aff'd in part and rev'd in part*, 763 F.2d 745 (5th Cir. 1985).

The *Farmer* Court indicated that taxation of daily trial transcripts may be denied absent a strong showing of need:

In denying the allowance for daily transcripts, Judge Weinfeld pointed out that while these might have added to the convenience of counsel for the company, and perhaps even have made the task of the trial judges easier, the transcripts were by no means indispensable. The judge's conclusion was based on his personal knowledge that this was not a complicated or extended trial where lawyers were required to submit briefs and proposed findings. As to the company's argument that the transcript costs were justified because the jury read them, Judge Weinfeld correctly pointed out that the same result could have been accomplished without this expense by following the common practice of calling on the stenographer to read from his notes. We think Judge Weinfeld's refusal to make Farmer pay for these overnight transcripts, which were ordered by the company's counsel, was proper....

379 U.S. at 234, 85 S.Ct. at 416.

■ Defendant's justifications for the daily transcript do not reveal necessity. The possibility of jury use of the transcripts is not sufficient, and counsel's reference to the transcripts during the trial does not testify to the need for them. As one court has noted, "as a general rule, counsel, as well as the Court, should make their own notes and abstracts of trial testimony." *Brager & Co., Inc.*, 530 F.Supp. at 1366. This trial was neither so lengthy nor so complex that daily transcripts were necessitated by those factors. *See Independence Tube Corp.*, 543 F.Supp. at 719.

The Court will permit defendant to recover an additional $3,515.48 in deposition costs, plus $1,963.60 in costs arising from obtaining the transcript of the Maryland case. In all other respects, defendant's motion to retax costs is denied.