Marion Gordon ROBERTSON, Plaintiff,

v.

Paul N. McCLOSKEY, Jr., Defendant.

Civ. A. No. 86–2877.

United States District Court,
District of Columbia.

July 13, 1988.

Douglas V. Rigler, Kaplan, Russin & Vecchi, Washington, D.C., for plaintiff.

George A. Lehner, Sloan, Lehner & Ruiz, Roger C. Spaeder, Zuckerman, Spaeder, Goldstin, Taylor & Kolker, Washington, D.C., for defendant.

## OPINION AND ORDER

JOYCE HENS GREEN, District Judge.

Presently pending before the Court are the parties' cross-motions to retax costs. For the reasons outlined below, plaintiff's motion will be granted and defendant's will be granted in part and denied in part.

### I.

In an Opinion and Order dated March 4, 1988, the Court granted plaintiff's motion to dismiss this action with prejudice pursuant to Fed.R.Civ.P. 41(a)(2). As a condition of dismissal, however, plaintiff was ordered to pay the costs sustained by defendant Paul McCloskey, Jr., in defending this action. Plaintiff agreed to that condition and this case was dismissed with prejudice. *See* March 7, 1988 Order.

On March 25, 1988, defendant submitted his bill of costs. The bill sought costs amounting to $42,845.66 in the following categories: witness fees ($150); fees for exemplification and copies of papers necessarily obtained for use in this case ($19,-458.41); docket fees ($20); costs associated with taking depositions ($15,794.02); and expert fees ($7,423.23). On April 22, 1988, the Clerk taxed costs in the amount of $28,418.12. To reach that figure, the Clerk (1) reduced the fees for exemplification and copies to $15,248.74 and for depositions to $12,999.38 and (2) disallowed defendant's claim for expert fees in its entirety.

The parties' cross-motions to retax costs then followed. In his motion, plaintiff Robertson asks this Court to disallow the amount awarded by the Clerk for exemplification and copies. McCloskey's motion

contends that the Clerk erred by refusing to tax approximately $2,500 in photocopying expenses and $1,250 for copies of depositions.

## II.

Federal Rule of Civil Procedure 54(d) states:

Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs.

In addition to this general authorization, Congress has provided, in 28 U.S.C. § 1920 (Section 1920), more specific categories of costs that may be taxed. That statute provides:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshall;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

There is a general presumption that the prevailing party is entitled to costs as a matter of course. *See Moore v. National Association of Security Dealers, Inc.*, 762 F.2d 1093, 1107 (D.C.Cir.1985). In *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, —— U.S. ——, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987), the Supreme Court considered the question whether district courts have discretion under Rule 54(d) to award costs in excess of the limits imposed by Section 1920 and other federal statutes. The Court, in an opinion authored by Chief Justice Rehnquist, concluded that they did not:

[Section 1920] now embodies Congress' considered choice as to the kinds of expenses that a federal court may tax as costs against the losing party ... [Section 1920] defines the term "costs" as used in Rule 54(d). Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d). It is phrased permissively because Rule 54(d) generally grants a court discretion to refuse to tax costs in favor of the prevailing party.... The discretion granted by Rule 54(d) is not a power to evade th[e] specific congressional command [set forth in 28 U.S.C. § 1821 relating to witness fees]. Rather, it is solely a power to decline to tax, as costs, the items enumerated in [Section] 1920.

107 S.Ct. at 2496, 2497, 2498. With these standards in mind, the Court addresses the parties' contentions.

■ 1. Trial Graphics. Defendant's bill sought $16,634.73 for a number of exhibits that he intended to introduce at trial. These included (1) enlargements of several documents; (2) maps of the Far East and Korea; (3) a chronology of events; and (4) an organizational chart of the Marine Corps. The Clerk of the Court reduced the amount requested by defendant slightly, awarding $14,948.74 in this category. Defendant premised recovery of this sum on Section 1920(4), which allows taxation of "[f]ees for exemplification and copies of papers necessarily obtained for use in the case."

Although plaintiff attacks the Clerk's imposition of costs for trial graphics on several fronts, one is sufficiently compelling to preclude recovery here. To tax an item as a cost under Section 1920(4), the party filing the bill must demonstrate that the material was "necessarily obtained for use in the case." There is no dispute that defendant's trial graphics were obtained "for use in the case." *See, e.g., In re Air Crash Disaster*, 687 F.2d 626, 631 (2d Cir.1982). Plaintiff maintains, however, that the trial

graphics were not "necessarily obtained" within the meaning of the statute. The Court agrees.

At the outset, the proper standard for taxing costs under Section 1920(4) is at issue. Defendant suggests that this Court need not find that his graphics were "necessary" but only that they were "reasonably necessary at the time they were incurred." Opposition at 5. Aside from the fact that defendant's argument would distort the plain language of Section 1920(4), it is also incorrect as matter of law. The cases cited by defendant simply do not support the more relaxed standard that he urges [1], and courts faced with requests for costs under Section 1920(4) have kept close to the "necessarily obtained" language contained in the statute. *See, e.g., McDowell v. Safeway Stores,* 758 F.2d 1293, 1294 (8th Cir.1985) (material must not be "obtained primarily for the convenience of parties" but must be "necessary for use in the case"); *Studiengesellschaft Kohle v. Eastman Kodak Company,* 713 F.2d 128, 133 (5th Cir.1983) ("The proper standard for the award of translation costs should also be whether they were necessarily incurred"); *EEOC v. Sears, Roebuck and Company,* 114 F.R.D. 615, 625 (N.D.Ill. 1987) (court awarded photocopying costs "attributable to necessarily obtained copies of discovery documents and pleadings"). Congress could have—but it did not—allow for recovery of materials that were "reasonably necessary."

Turning to the particular items at issue, the Court concludes that defendant's trial graphics were not "necessarily obtained" within the meaning of Section 1920(4). One precept that has guided courts making that determination is that "costs of demonstrative materials which were merely illustrative of expert testimony, other adequate evidence, or argumentative matter are not taxable." *Independence Tube Corporation v. Copperweld Corporation,* 543 F.Supp. 706, 722–23 (N.D.Ill.1982).[2] Taxing costs for the trial graphics that defendant would have used at trial, however, would violate this fundamental rule. According to defendant, the maps and chronology would have "aided" and "helped" the jury understand the times and places of events about which they would have heard live testimony at trial. Opposition at 6. Similarly, the Marine Corps organizational chart was developed to "explain[ ]" the military command structure to the jury. *Id.* All of these materials were simply supplementary to, and cumulative of, testimony that would have been offered at trial; they are, therefore, not *necessary* within the meaning of the statute. *See also* Webster's Third New International Dictionary 1510–11 (1968) (defining "necessary" as an "essential item," "logically inevitable," and "absolutely required").[3] Finally, defendant has failed to explain why the enlarged documents were necessary since those very documents would have been contained in a "document book" distributed to each member of the jury. In short, defendant has failed to carry the burden of showing that his trial graphics were "necessarily obtained" for use in this case, and plaintiff's motion to retax costs will therefore be granted.

In reaching this disposition, the Court in no way intends to impugn the enormous

---

**1.** In both *Oetiker v. Jurid Werke, GmbH,* 104 F.R.D. 389 (D.D.C.1982), and *Riao v. American Airlines, Inc.,* 102 F.R.D. 608 (E.D.Pa.1984), the courts employed the "reasonable" test urged by defendant, but they did so in order to determine whether the materials were "used in the case"— *not* whether they were "necessarily obtained." *See Oetiker,* 104 F.R.D. at 394; *Riao,* 102 F.R.D. at 611. *Quy v. Air America, Inc.,* 667 F.2d 1059 (D.C.Cir.1981), is also inapposite, for that court upheld taxation of costs for witnesses under 28 U.S.C. § 1821, a statute that does not contain the "necessarily obtained" language used in Section 1920(4).

**2.** *See also Neumann v. Reinforced Earth Co.,* 109 F.R.D. 698, 701 (D.D.C.1986) (rejecting costs for graphics evidence "used simply to clarify the import of other evidence").

**3.** Moreover, the issues that would have been resolved in this libel trial were mainly ones of credibility; they would not have been of the scientific or technical sort that usually produce "necessarily obtained" trial graphics.

value and evidentiary significance of demonstrative evidence such as trial graphics. Nonetheless, value and significance do not equal necessity. Although the nature of today's advocacy (with its reliance on demonstrative evidence) may make this result appear harsh, it is, however, the law.

■ 2. Photocopying. Defendant's bill of costs requested $2,823.67 in expenses for photocopying. The Clerk taxed only $300 of that amount, however, and defendant now seeks to recoup the entire sum under Section 1920(4) as "copies of papers necessarily obtained for use in the case."

This request will be denied for, as plaintiff's opposition carefully demonstrates, defendant's justification in support of his claim is vague and inconsistent. To take just one example, the only documentation offered by defendant to substantiate his bill, several invoices from a printing company, revealed charges that are less than half of the amount that defendant seeks and contained some expenses that were clearly not related to this action. *See* Exhibit A to Defendant's Bill of Costs. Moreover, in his cross-motion defendant stated he arrived at the $2,823.67 figure by adding all of his copying expenses from January 1, 1988 to March 7, 1988 (the day this action was dismissed). He notes that the January 1, 1988 date was chosen "because even prior to that date Plaintiff had decided not to proceed to trial on March 8th and thus these expenses could easily have been avoided." Cross–Motion at 5. The standard for taxing photocopying costs under Section 1920(4), however, is that they be "necessarily obtained," not that one party considers that they could have been avoided. In any event, after plaintiff's opposition revealed the discrepancies in defendant's methodology, defendant conceded that the total he submitted was "admittedly imprecise" and a "benchmark" figure. Reply Brief at 3. His justification for this imprecision is quite interesting: in order to

develop an exact figure, defendant "would have to expend resources amounting to a large proportion of the total amount requested as costs." *Id.* That may well be true, but it does not excuse defendant from the requirement that he prove that his costs were "necessarily obtained for use in the case." This he has failed to do and, because the Court cannot guess at a precise figure, his cross-motion to retax will be denied insofar as it relates to photocopying costs.

■ 3. Depositions. In his bill of costs, defendant sought to tax the costs of numerous depositions taken during the discovery phase of this action. The Clerk granted this request in part, but refused to award costs for 14 depositions taken by plaintiff because they were "neither noticed nor filed" with the Court. In his cross-motion to retax, defendant seeks to recoup $1,252.34, the cost of one copy of the transcript of each of the 14 depositions.

Defendant shall be permitted to recover this amount. As defendant points out, six of these depositions *were* in fact formally noticed. *See* Exhibit A to Defendant's Cross–Motion to Retax. As for the remainder, the Clerk correctly observed that these depositions were not noticed. But as Chief Judge Robinson held in *Schmid v. Frosch*, 609 F.Supp. 490 (D.D.C.1985):

> It would also be harsh to penalize [the prevailing party] because [the losing party] failed to notice and file depositions with the Court. It is clear that since the cost requested involved depositions noticed and taken by the losing party, it was not within the prevailing party's control to comply with the practice of the Clerk's Office.

*Id.* at 492. So too here, it was not within the power of the defendant—the prevailing party in this action—to compel plaintiff to notice and file depositions. Because it appears that copies of transcripts of these 14 depositions (save one)[4] were "necessarily obtained" by defendant—plaintiff had list-

---

4. The one witness not listed on plaintiff's witness list whose deposition transcript cost is sought, Congressman Andrew Jacobs, Jr., was on defendant's list of witnesses submitted at the pretrial conference. Jacobs had been originally

sued with defendant McCloskey, but summary judgment was granted in his favor in this Court's Opinion and Order of July 24, 1987. His deposition was taken on April 8, 1987, several months *after* this Court directed the parties not

ed the witnesses involved in his proposed witness list, their cost shall be taxed against plaintiff. Defendant's motion to retax is therefore granted insofar as it pertains to depositions that were disallowed by the Clerk.

### III.

To recapitulate. The Court concludes that the Clerk should not have taxed against plaintiff the expenses for defendant's trial graphics, which amounted to $14,948.74. In addition, the Clerk correctly found that defendant is not entitled to recover any photocopying charges in excess of the $300 allowed by the Clerk. Defendant will, however, be entitled to recover $1,252.34, the cost of the 14 depositions that were not taxed by the Clerk.[5] Accordingly, costs shall be taxed against plaintiff in the amount of $14,721.72.

For these reasons, it is

ORDERED that plaintiff's motion to retax costs be and it hereby is granted; it is

FURTHER ORDERED that defendant's motion to retax costs be and it hereby is granted in part and denied in part; and it is

ORDERED that costs shall be taxed against plaintiff in the amount of $14,-721.72.

to file discovery with the Clerk. *See* December 23, 1986 Order. The Court therefore concludes that his deposition transcript was necessarily obtained for use in this action, and this cost shall be taxed against plaintiff.

5. Since neither party has challenged any other aspect of the Clerk's taxation of costs, those determinations remain as taxed.