# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **LARRY J. SYKES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 07-42 (RMC)** |
| | ) | |
| **JANET NAPOLITANO, Secretary,** | ) | |
| **Department of Homeland Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## MEMORANDUM OPINION

On May 11, 2010, the Court granted Defendant's motion for summary judgment against Plaintiff Larry Sykes, thereby dismissing all claims in this matter. *See* Mem. Op., Order [Dkt. ## 45, 46]. On June 1, 2010, Defendant filed a bill of costs, *see* Def.'s Bill of Costs [Dkt. # 47], which Plaintiff opposed. *See* Pl.'s Opp'n to Def.'s Bill of Costs [Dkt. # 48]. The Clerk's Office taxed costs in favor of the Defendant on September 27, 2010. *See* Clerk's Taxation of Costs [Dkt. # 49]. The Clerk taxed $5,523.70 to Plaintiff, which solely represents fees for the production of transcripts "necessarily obtained for use in the case."[1] *Id*. Plaintiff now moves the Court to review the Clerk's taxation of costs. *See* Pl.'s Mot. to Review Taxation of Costs [Dkt. # 52]. For the reasons described below, Plaintiff's motion will be granted in part to the extent it seeks to have the Court review the Clerk's award of costs, and it will be denied in part to the extent it seeks to

---

[1] Defendant's request for taxation of costs was for an amount of $6,163.25. *See* Clerk's Taxation of Costs [Dkt. # 49] 1. The Clerk's Office denied Defendant's request for $639.55 in fees for shipping and handling and evening charges, which it determined were not recoverable as costs. *Id*. at 2. The Clerk accordingly taxed Plaintiff for a sum of $5,523.70. The Court does not review the Clerk's denial of the $639.55 in fees as neither Plaintiff nor Defendant contests it. *See* LCvR 54.1(e).

vacate the Clerk's award.

A motion to review the Clerk's taxation of costs may be brought to a court pursuant to Federal Rule of Civil Procedure 54(d). *See* LCvR 54.1(e). A court in reviewing "a motion to retax, for good cause shown may tax additional costs or may deny costs allowed by the Clerk pursuant to [Local Civil Rule 54.1(d)]." *Id.* "Though the allowance, disallowance, or apportionment of costs is in the sound discretion of the district court," *Moore v. National Asso. of Sec. Dealers, Inc.*, 762 F.2d 1093, 1107 (D.C. Cir. 1985), the Court begins its inquiry with the strong presumption that allowable costs should be taxed to the non-prevailing party. *See* Fed. R. Civ. P. 54(d)(1), LCvR 54.1(a); *see also Sun Ship, Inc. v. Lehman*, 655 F.2d 1311, 1312 (D.C. Cir. 1981) ("Fed. R. Civ. P. 54(d) embodies the presumption that prevailing parties will recover their costs as a matter of course.") (internal quotations omitted). The Supreme Court has noted that "[b]ecause costs are usually assessed against the losing party, liability for costs is a normal incident of defeat." *Delta Air Lines v. August*, 450 U.S. 346, 352 (1981). Therefore, a court may neither reduce nor deny a prevailing party's request for costs without articulating good reason to do so. *Baez v. United States Dep't of Justice*, 684 F.2d 999, 1004 (D.C. Cir. 1982) (en banc) (per curiam). As a corollary, "[u]nsuccessful parties bear the burden of showing circumstances sufficient to overcome the presumption in favor of awarding costs to the prevailing party." *Long v. Howard Univ.*, 561 F. Supp. 2d 85, 96 (D.D.C. 2008) (citing *Baez*, 684 F.2d at 1004).[2]

A prevailing party is entitled to recover, *inter alia*, fees for deposition transcripts

---

[2] Accordingly, Plaintiff's argument that "[d]efendant has failed to demonstrate that these depositions were 'necessarily' used in this case, much less to cite to any authority holding that use of this nature supports an award of costs" misses the mark. Pl.'s Reply in Supp. of Mot. to Review Taxation of Costs [Dkt. # 55] 2.

"necessarily obtained for use in the case." 28 U.S.C. § 1920(2); *see also* LCvR 54.1(d)(6). If transcripts are "necessarily obtained for use in the case," they are authorized under both statute and the district court's local rules, thereby attaching the presumption favoring their award. *See Sun Ship*, 655 F.2d at 1318. Whether a deposition transcript was necessarily obtained for use in a case is a question of fact to be determined by the district court. *Id*.

Plaintiff's exception to the Clerk's taxation of costs challenges the conclusion that the costs for nine deposition transcripts were "necessarily obtained for use in the case." *See* Pl.'s Mot. To Review Taxation of Costs [Dkt. # 52] 2. Plaintiff complains that Defendant was awarded costs for the entire depositions of eight of its current or former personnel "despite the fact that they were barely cited on summary judgment and were used simply as convenient means by defendant to avoid drafting declarations and using existing materials." *Id*. Plaintiff also complains that Defendant was awarded the transcript cost of the "exceptionally long" deposition of Plaintiff, despite barely using the transcript in its motion for summary judgment. *See id*.

Depositions are "necessarily obtained" if they are used to prepare for future depositions, motions, pretrial proceedings, or trial. *See Sun Ship*, 655 F.2d at 1318 n.49 (noting that a deposition transcript was likely necessary where it was used "to prepare the motion for summary judgment which ultimately ended the case; and . . . to prepare for the trial which would have ensued had the district judge not granted summary judgment"); *Neumann v. Reinforced Earth Co.*, 109 F.R.D. 698, 700 (D.D.C. 1986). Moreover, Local Rule 54.1(d)(6) makes clear that depositions relied upon in the parties' summary judgment briefs are taxable. *See* LCvR 54.1(d)(6); *Johnson v. Holway*, 522 F. Supp. 2d 12, 18 (D.D.C. 2007); *see also OAO Alfa Bank v. Ctr. for Pub. Integrity*, Civ. No. 00-2208, 2006 U.S. Dist. LEXIS 29000, *11–12 (D.D.C. May 12, 2006); *Long*, 561 F. Supp. 2d at

98–99. Defendant cited to each of the eight contested depositions of its current or former employees at least once in its motion for summary judgment brief. *See, e.g.,* Def.'s Mem. in Supp. of Mot. for Summ. J. [Dkt. # 32] 7 (Broussard Dep.), 7 (Kelly Dep.), 9 (Buster Dep.), 9 (Moore Dep.), 9 (Grupski Dep.), 10 (McKenna Dep.), 23 (Pierce Dep.), 25 (Sullivan Dep.). Defendant cited to Plaintiff's deposition throughout the brief. *See, e.g., id*. at 5, 25. Thus, under Local Rule 54.1(d)(6), the copies of these nine transcripts were properly taxable to Plaintiff.

The Court further notes that whether a transcript was necessarily obtained is determined as of the time the deposition was taken. *See Johnson*, 522 F. Supp. 2d at 18–19 (noting that a deposition not cited in summary judgment briefs or at trial was properly taxable as it was relevant at the time it was taken, even though deponent's claim was ultimately dismissed); *Long*, 561 F. Supp. 2d at 98. Thus, Plaintiff's argument that Defendant barely cited to the depositions is of little merit because even had Defendant not cited to a particular deposition *at all*, that fact would not be singularly determinative. The question would be whether it was reasonable for Defendant at the time the depositions were taken to assume they would be necessary for use the case. *See, e.g., Oetiker v. Jurid Werke, GmbH*, 104 F.R.D. 389, 394 (D.D.C. 1982) (noting that "[e]xpenses of discovery depositions shown to be reasonably necessary at the time taken are recoverable as costs even if the deposition is not used at trial" or submitted as an exhibit). Plaintiff noticed and took all eight of the employee and former employee depositions at issue; Defendant merely purchased copies. Thus, there is no occasion to consider whether the depositions could be characterized as a "mer[e] fishing expedition" for which costs are prohibited or that they were "taken merely for investigative purposes." *See Oetiker*, 104 F.R.D. at 395; *see also Johnson*, 522 F. Supp. 2d at 19; *Neumann*, 109 F.R.D. at 700.

Contrary to Plaintiff's argument, the fact that he proceeded in good faith does not reduce Defendant's right to an award of costs. *See In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 454 (3d Cir. 2000) (noting that "a district court may not consider the good faith of the losing party . . . in awarding costs"); *Muslin v. Frelinghuysen Livestock Managers, Inc.*, 777 F.2d 1230, 1236 (7th Cir. 1985) ("More than just a showing of good faith is necessary to immunize the losing party from paying costs."). Courts typically only look to the conduct of the *prevailing party* to determine whether that party's bad faith conduct overcomes the presumption that it is entitled to costs. *See Baez*, 684 F.2d at 1004 (emphasizing that in light of the "powerful" presumption in favor of awarding costs to a prevailing party, "trial judges have rarely denied costs to a prevailing party whose conduct has not been vexatious when the losing party has been capable of paying such costs"). Plaintiff's final contention that Defendant could have avoided the costs of deposition transcripts by drafting affidavits or referring to other evidence is without merit. The nine depositions came from important players in the dispute and it was entirely reasonable for Defendant to obtain copies of these depositions for use in its summary judgment papers and, ultimately, at trial had the case proceeded. *See Sun Ship*, 655 F.2d at 1318 n.49 (deeming "totally unconvincing" an argument that a party could have taken certain steps to avoid the costs of requesting a transcript). Defendant has demonstrated a reasonable need to have a copy of the nine depositions in question.

As Plaintiff has failed to overcome the strong presumption that otherwise allowable costs should be awarded to Defendant, the Court will not deny these costs. Accordingly, the Plaintiff's motion to review taxation of costs [Dkt. #52] will be granted in part and denied in part. To the extent the motion seeks to have the Court review the Clerk's award of costs, the motion will

be granted.  To the extent the motion seeks to vacate the Clerk's Bill of Costs [Dkt. # 49], it will be

denied.  Therefore, the Clerk's taxation of costs will be upheld in full.


Date: December 14, 2010

_____/s/_____
ROSEMARY M. COLLYER
United States District Judge